CARTER *v.* HAWAII.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF HAWAII.

No. 144. Argued December 13, 1905.—Decided January 8, 1906.

*Damon* v. *Hawaii,* 194 U. S. 154, followed to effect that under the Hawaiian Act of 1846, "of Public and Private Right of Piscary," the owner of an ahapuaa is entitled to the adjacent fishing ground within the reef, and that the statute created vested rights therein within the saving clause of the organic act of the Territory repealing all laws of the Republic of Hawaii conferring exclusive fishing rights.

The Land Commission of Hawaii was established to determine title to lands against the Hawaiian Government, and, as that Commission rightly treated fisheries as not within its jurisdiction, the omission to establish the right to a fishery before that Commission does not prejudice the right of the owner thereto.

THE facts are stated in the opinion.

*Mr. Sidney M. Ballou,* with whom *Mr. Benjamin L. Marx* and *Mr. J. J. Darlington* were on the brief, for plaintiffs in error.

*Mr. Emil C. Peters,* Attorney General of the Territory of

Hawaii, and *Mr. Fred W. Milverton* for defendant in error, submitted.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a proceeding to establish the plaintiffs' rights to a several fishery of the kind described in *Damon v. Hawaii*, 194 U. S. 154, and comes here under the same circumstances as that case did.  The fishery in question is a sea fishery within the reef in Waialae Iki, island of Oahu, and is claimed by metes and bounds in the complaint.  The plaintiffs are owners of the adjacent land under a royal patent following upon an award of the Land Commission, and the only difference between this case and the former one is that in this the fishery is not described in the royal patent, and that, apart from the question of prescription, upon which we shall say nothing, the plaintiffs have to rely upon the statutes alone.  They offered evidence at the trial that, before the action of the king in 1839, those under whom the plaintiffs claim title had enjoyed from time immemorial rights similar to those set out in the statutes, and also that they had been in continuous, exclusive and notorious possession of the konohiki right for sixty years.  They offered in short to prove that their predecessor in title was within the statutes and therefore owned the fishery, it not being disputed that if he did, the plaintiffs own it now.  The judge rejected the evidence and entered judgment for the defendant, and on exceptions this judgment and that in *Damon v. Hawaii* were sustained at the same time in one opinion by the Supreme Court.  14 Hawaiian, 465.

We deem it unnecessary to repeat the ground of our intimation in the former case, that the statutes there referred to created vested rights.  We simply repeat that in our opinion such was their effect.  The fact that they neither identified the specific grantees nor established the boundaries, is immaterial when their purport as a grant or confirmation is decided.  It is enough that they afforded the means of identification, and that presumably the boundaries can be fixed by reference to existing

facts, or the application of principles which have been laid down in cases of more or less similar kind.

. The omission of the plaintiffs' predecessor in title to establish his right to the fishery before the Land Commission does not prejudice their case. See *Kenoa* v. *Meek*, 6 Hawaiian, 63. ,That commission was established to determine the title to lands as against the Hawaiian Government. . In practice it treated the fisheries as not within its jurisdiction, and it would seem to have been right in its view. See *Akeni* v. *Wong Ka Mau*, 5 Hawaiian, 91.

. ' *Judgment reversed.*