## KAWANANAKOA *v.* POLYBLANK.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF HAWAII.

No. 273.  Argued March 21, 1907.—Decided April 8, 1907.

Under Equity Rule 92, where a part of the mortgage premises has been sold to the sovereign power which refuses to waive its exemption from suit, the court can, all other parties being joined, except the land so conveyed and decree sale of the balance and enter deficiency judgment for sum remaining due if proceeds of sale are insufficient to pay the debt.

A sovereign is exempt from suit, not because of any formal conception or obsolete theory, but on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends, and as this doctrine is not confined to full sovereign powers it extends to those, such as the Territories of the United States, which in actual administration originate and change the law of contract and property.

A Territory of the United States differs from the District of Columbia in that the former is itself the fountain from which rights ordinarily flow, although Congress may intervene, while in the latter the body of private rights is created and controlled by Congress and not by a legislature of the District.

17 Hawaii, 82, affirmed.

THE facts are stated in the opinion.

*Mr. Sidney M. Ballou,* for appellants, submitted:

The owners of the equity of redemption of all parts of the premises covered by a mortgage must be made defendants in a suit in equity to foreclose that mortgage.

The result of a violation of this rule is that the whole burden of the mortgage debt will be placed on a part of the land instead of being distributed *pro rata* over the whole thereof, which would be manifestly unjust. See *Detweiler* v. *Holderbaum*, 42 Fed. Rep. 337.

The Territory of Hawaii is a municipal corporation with capacity to sue and be sued. 1 Dillon on Municipal Corporations, § 20; 1 Thompson on Corporations, § 1.

This court has called the Territories "organized municipalities" and likened them to the District of Columbia. *Talbott* v. *Silver Bow Co.*, 139 U. S. 438, 445.

The closest analogy that can be drawn is between the Territory of Hawaii and the District of Columbia. The latter has been held to be a municipal corporation. *Barnes* v. *District of Columbia*, 91 U. S. 540.

Every municipal corporation may be sued.

It is entirely immaterial that the Organic Act is silent upon the right of the Territory to sue and be sued. These powers are inherent in all municipal as well as other corporations. In addition to the statement from Thompson on Corporations quoted above, in connection with the definition of a corporation, we may cite the following authorities: 2 Dillon Mun. Corps., § 935. See also Ingersoll on Pub. Corps., p. 492; *Prout* v. *Pittsfield Fire District*, 154 Massachusetts, 450; *City of Janesville* v. *Milwaukee &c. R. R. Co.*, 7 Wisconsin, 484.

The Territory of Hawaii cannot by its own legislative enactments exempt itself from liability to suit or prescribe any certain class of cases in which alone it may be sued. The exemption of the United States and each of the several States from suit, except so far as is authorized by their own legislatures, has nothing to do with the corporate capacity of either the United States or the several States, but is a mere privilege which when waived leaves the sovereign State liable to suit like any other public corporation. It is based solely upon sovereignty, and the reading of any of the cases which discuss this principle will show how inapplicable the reasoning of those

cases will be when applied to a Territory which has no sovereignty.

But even if no relief could be had against the Territory in this action, the mortgagee would not be entitled to a deficiency judgment against the mortgagors.  She is entitled to such a judgment under Equity Rule No. 92 only upon a sale of the mortgaged land and if she is not able to compel a sale of all of that land even through no fault of her own, she cannot have deficiency judgment though she may have a remedy in some other proceeding.

*Mr. Aldis B. Browne,* with whom *Mr. Alexander Britton* and *Mr. E. A. Douthitt* were on the brief, for appellees:

The Territory of Hawaii cannot be joined as party respondent in suit to foreclose a mortgage.

. There is no provision of the Hawaiian laws providing for suit against the Territory in such case as this.  The only provisions of law relating to suits against the Territory are contained in § 2000, Rev. Laws of Hawaii, originally § 1, chap. 26, Laws 1894.  This section confers a right of action against the Territory in four different classes of cases, within none of which does the cause at bar fall.

It is elemental, of course, that the state or sovereign cannot be sued in its own courts without its consent; and this is as applicable to a dependent state or sovereignty as to one which has no suzerain or overlord.  The political entity which makes laws and creates tribunals for their enforcement, which creates judicial remedies and legislates as to how, when, and under what conditions rights may be litigated and remedies enforced, manifestly cannot be sued in the courts of its creation except by its own consent and legislative provision.  In the other case, such political entity would be subordinate to its own creatures.  *Beers* v. *State of Arkansas*, 20 How. 527, 529.

The immunity of the Territory from suit save by its consent rests upon the more easily defined basis, the practical and common-sense ground that a body politic which enacts its

own laws and creates its own courts, defining and limiting their jurisdiction, is of necessity exempt from the jurisdiction of those courts save by its own consent.

In the very nature of things, the creator is not, save with its own consent, under the dominion of its creature; the power which creates tribunals must of necessity be superior to their jurisdiction. If there were to be any general judicial jurisdiction over the Territory, Congress would naturally have placed it in the Federal courts; yet § 86 of the Organic Act creating the Federal court of local jurisdiction contains no such provision.

Mr. Justice Holmes delivered the opinion of the court.

This is an appeal from a decree affirming a decree of foreclosure and sale under a mortgage executed by the appellants to the appellee, Sister Albertina. 17 Hawaii, 82. The defendants (appellants) pleaded to the jurisdiction that after the execution of the mortgage a part of the mortgaged land had been conveyed by them to one Damon, and by Damon to the Territory of Hawaii, and was now part of a public street. The bill originally made the Territory a party, but the Territory demurred and the plaintiffs dismissed their bill as to it before the above plea was argued. Then the plea was overruled, and after answer and hearing the decree of foreclosure was made, the appellants having saved their rights. The decree excepted from the sale the land conveyed to the Territory and directed a judgment for the sum remaining due in case the proceeds of the sale were insufficient to pay the debt. Eq. Rule 92.

The appellants contend that the owners of the equity of redemption in all parts of the mortgage land must be joined, and that no deficiency judgment should be entered until all the mortgaged premises have been sold. In aid of their contention they argue that the Territory of Hawaii is liable to suit like a municipal corporation, irrespective of the permission given by its statutes, which does not extend to this case. They liken the Territory to the District of Columbia, *Metro-*

*politan R. R. Co.* v. *District of Columbia*, 132 U. S. 1, and point out that it has been a party to suits that have been before this court. *Damon* v. *Hawaii*, 194 U. S. 154; *Carter* v. *Hawaii*, 200 U. S. 255.

The Territory, of course, could waive its exemption, *Smith* v. *Reeves*, 178 U. S. 436, and it took no objection to the proceedings in the cases cited if it could have done so. See Act of April 30, 1900, c. 339, § 96; 31 Stat. 141, 160. But in the case at bar it did object, and the question raised is whether the plaintiffs were bound to yield. Some doubts have been expressed as to the source of the immunity of a sovereign power from suit without its own permission, but the answer has been public property since before the days of Hobbes. (Leviathan, c. 26, 2.) A sovereign is exempt from suit, not because of any formal conception or obsolete theory, but on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends. *"Car on peut bien recevoir loy d'autruy, mais il est impossible par nature de se donner loy."* Bodin, Republique, 1, c. 8. Ed. 1629, p. 132. Sir John Eliot, De Jure Maiestatis, c. 3. *Nemo suo statuto ligatur necessitative. Baldus., De Leg. et Const., Digna Vox* (2d ed., 1496, fol. 51b. Ed. 1539, fol. 61).

As the ground is thus logical and practical, the doctrine is not confined to powers that are sovereign in the full sense of juridical theory, but naturally is extended to those that in actual administration originate and change at their will the law of contract and property, from which persons within the jurisdiction derive their rights. A suit presupposes that the defendants are subject to the law invoked. Of course it cannot be maintained unless they are so. But that is not the case with a territory of the United States, because the Territory itself is the fountain from which rights ordinarily flow. It is true that Congress might intervene, just as in the case of a State the Constitution does, and the power that can alter the Constitution might. But the rights that exist are not created by

Congress or the Constitution, except to the extent of certain limitations of power. The District of Columbia is different, because there the body of private rights is created and controlled by Congress and not by a legislature of the District. But for the Territory of Hawaii it is enough to refer to the organic act. Act of April 30, 1900, c. 339, §§ 6, 55; 31 Stat. 141, 142, 150; *Coffield* v. *Hawaii*, 13 Hawaii, 478. See further *Territory of Wisconsin* v. *Doty*, 1 Pinney, 396, 405; *Langford* v. *King*, 1 Montana, 33; *Fisk* v. *Cuthbert*, 2 Montana, 593, 598.

However it might be in a different case, when the inability to join all parties and to sell all the land is due to a conveyance by the mortgagor directly or indirectly to the Territory the court is not thereby deprived of ability to proceed.

*Decree affirmed.*

Mr. Justice Harlan concurs in the result.