## PUGET SOUND STEVEDORING CO. v. UNITED STATES.

## NORTH COAST STEVEDORING CO. v. SAME.

(District Court, W. D. Washington, N. D.      January 27, 1923.)

Nos. 7080, 7021.

**1. United States ⚍125—Cannot be libeled in personam on account of vessel not then within the district.**

The United States cannot be libeled in personam, in substitution for a libel in rem against a vessel owned by it, where the vessel in question was not at the time within the jurisdiction of the court, since the presence of the vessel within the district was essential to the court's jurisdiction in rem under admiralty rule 22 (267 Fed. xii), and the object of the act permitting libel in personam against the United States was not to add to the liability of the government.

**2. Admiralty ⚍25—Objection vessel on whose account United States was libeled was not within jurisdiction held sufficient.**

An objection to a libel in personam against the United States on the ground that the libel failed to allege that the vessel on account of which the libel was filed was at the time of its filing within the jurisdiction of the court was sufficient to raise the objection that the court had no jurisdiction over a libel in personam against the United States, if the vessel was not within the district.

**3. Admiralty ⚍25, 28—Action in rem not maintainable, unless res is within court's jurisdiction.**

An action in rem cannot be maintained, unless the res is within the jurisdiction of the court, under admiralty rule 22 (267 Fed. xii), and for purposes of a libel in rem jurisdiction cannot be stipulated.

**4. United States ⚍125—Courts may not go beyond letter of consent to be sued.**

The United States cannot be sued without its consent through statutory enactment, and courts may not go beyond the letter of such consent, but must exercise jurisdiction subject to the restrictions imposed by Congress.

**5. United States ⚍125—Act permitting libel in rem on account of government-owned vessels not extended by construction.**

The act permitting a libel in personam, instead of a libel in rem, against government-owned vessels, must be read according to the natural and obvious import of its language, without resorting to forced construction in extending its operation, and must be construed in harmony with the maintenance of the general policy of court procedure, and the right to sue will not be enlarged merely because of the use of words general enough to include the right, where the purpose to maintain the general policy is apparent.

In Admiralty. Separate libels by the Puget Sound Stevedoring Company and by the North Coast Stevedoring Company against the United States. Exceptions to the libel sustained in each case.

The identical issue is involved in both cases, and was presented together. Each libelant is a local corporation, and filed a libel electing to proceed with respect to its claim in accordance with the principles of libel in rem, alleging that the libelant the North Coast Stevedoring Company, at the home port of Seattle at the time stated, furnished necessaries to the West Haven, the Liberator, and the Cape Romain, vessels operated as merchant vessels and owned by the respondent loaded at the ports on Puget Sound, and for such services it has a lien upon the respective vessels for the necessaries furnished, and that the vessels at the time of filing the libel were in the ports of Savannah, Ga., Baltimore, Md., and "Panama Canal," respectively, and that, if the vessels were privately owned, libel in rem in an admiralty court of the United States might be maintained, the Puget Sound Stevedoring Company makes

⚍For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

similar allegations as to the West Haven. The respondent excepts to the sufficiency of the facts in each libel to constitute a suit either in personam or upon principles of libel in rem, and that the vessels are not within the jurisdiction of this court, etc.

Huffer, Hayden & Bucey, of Seattle, Wash., for libelant North Coast Stevedoring Co.

Lloyd R. Savage, of Seattle, Wash., for libelant Puget Sound Stevedoring Co.

Thomas P. Revelle and John A. Frater, both of Seattle, Wash., and M. Snow, of Portland, Or., for the United States.

NETERER, District Judge. [1] The Supreme Court, in Blamburg Bros. v. U. S., 43 Sup. Ct. 179, 67 L. Ed. ——, decided January 2, 1923, held that the court is without jurisdiction to entertain suit against the United States in personam as substitute for a libel in rem when the United States vessel was not in a port of the United States or of one of her possessions. It is contended by the United States attorney that the same conclusion obtains where the vessel is not within the jurisdiction of the court where the libel is filed. The Supreme Court in Blamburg Bros. v. U. S., supra, says:

"The first section of the act is limited in its inhibition of seizures of vessel and cargo of the United States to ports of the United States and its possessions. The second section is in pari materia, and the same limitations must be implied in its construction. * * * It was intended to substitute this proceeding in personam, as the first section of the act expressly indicates, in lieu of the previous unlimited right of claimants to libel such vessel in rem in the ports of the United States and its possessions."

A party may have a remedy, where a vessel is privately owned, in personam or in rem, or may have both remedies. It is clear from the act, and, if not, it is conclusively shown by the report of the committee in the Senate and in the House, that the object of the bill is not to add to the liability of the government, but to prevent a seizure and detention of the government ships and therefore eliminate unnecessary loss, and that the sole purpose was that, if the vessel was privately owned, the vessel could be seized in rem, that a personam action should lie against the United States to proceed in accordance with the principles of libel in rem, and that there was no purpose to extend the substantive rights of any claimant, but merely a provision to effect the remedy. That being the purpose, to proceed in accordance with principles of libel in rem, the conditions must all be present in a proceeding if the vessel was privately owned, and the presence of the vessel in the district in which the court's jurisdiction is invoked in such case is essential. Adm. Rule 22 (267 Fed. xii); Bene. par. 305. The jurisdiction of the court by the act is limited to places where the libelants or some of them live or have their principal place of business, or where the vessel may be. This is a general provision and has relation to in personam and in rem proceedings. The special provisions with relation to proceedings in rem being limited to the status of privately owned vessels, and the court not having jurisdiction of a proceeding in rem where the vessel is privately owned, unless the vessel is within the district, the same condition must obtain where the vessel is owned by the

United States, and a proceeding in accordance with principles of libel in rem must proceed where the vessel may be, and, the vessel not being in the district, this court has not jurisdiction. I think this is sustained by the Blamburg Case, supra, and so held in Cunard S. S. Co., Ltd., v. U. S., Owner of the Isonomia, 285 Fed. 516 (Court of Appeals of the 2d Circuit, opinion by Judge Rogers).

[2] The libelant contends that respondent appeared generally, and not having made specific objection on account of venue, must be deemed to have waived the objection, and cites in support U. S. v. Hvoslef, 237 U. S. 1, 35 Sup. Ct. 459, 59 L. Ed. 813, Ann. Cas. 1916A, 286. In this case Justice Hughes (237 U. S. at page 12, 35 Sup. Ct. 462, 59 L. Ed. 813, Ann. Cas. 1916A, 286), said:

"But, assuming that the subject-matter was within the jurisdiction of the court, the requirement as to the particular district within which the suit should be brought was but a modal and formal one, which could be waived, and must be deemed to be waived, in the absence of specific objection upon this ground before pleading to the merits."

And (237 U. S. on page 11, 35 Sup. Ct. 462, 59 L. Ed. 813, Ann. Cas. 1916A, 286):

"The petitioners were the surviving members of a copartnership engaged in business in the city of New York, 'within the district aforesaid,' and that their 'business and petitioner's residence was and is in the borough of Manhattan, city of New York in said district.' It is said that the allegation was insufficient to show the residence required by the statute, but it does not appear that any such objection was made in the court below."

The contention being that the jurisdiction of the court was under section 5 of the Tucker Act, being Comp. St. § 1575 (see section 297, Judicial Code, being Comp. St. § 1274), providing that suit is to be brought in the district where the plaintiff resides. In the instant case the exceptions state:

"Said libel fails to allege that the [vessels were] at the time of the filing of said libel within the jurisdiction of this court."

And the libels allege the vessels to be out of this district. It would therefore appear that specific objection was made upon the ground that the vessel was not within the jurisdiction of this court.

In Swanson et al. v. U. S., —— Fed. ——, decided April 26, 1922, this issue, among others, was in the record, but was not fully presented nor fully considered, and this court at the time overruled the exception. That case, however, is still pending.

[3, 4] An action in rem cannot be maintained unless the res is within the jurisdiction of the court (Adm. Rule 22, supra; Bene. 305, supra), and for purposes of libel in rem jurisdiction may not be stipulated by the master, the vessel not being in the district (The Hungaria, 41 Fed. 109), and the United States cannot be sued without its consent through statutory enactment, and courts may not go beyond the letter of such consent, and jurisdiction must be exercised subject to the restrictions imposed by the Congress (Kawananahoa v. Polyblank, 205 U. S. 349, 27 Sup. Ct. 526, 51 L. Ed. 834; Schillinger v. U. S., 155 U. S. 163, 15 Sup. Ct. 85, 39 L. Ed. 108).

[5] The act affecting the remedy in admiralty of government-owned

vessels must be read according to the natural and obvious import of the language, without resorting to enforced construction for the purpose of extending its operation (U. S. v. Temple, 105 U. S. 97, 26 L. Ed. 967; Moore v. U. S., 249 U. S. 487, 39 Sup. Ct. 322, 63 L. Ed. 72), and in harmony with the maintenance of the general policy of court procedure, and where a right to sue is extended it should not be enlarged merely by the use of words general enough to include it where the purpose to maintain the general policy is apparent (Reid v. U. S., 211 U. S. 529, 29 Sup. Ct. 171, 53 L. Ed. 313).

This being a proceeding according to the principle of libel in rem, and specific objection being made that the vessel is not within this district, and if the vessel were privately owned the proceeding could not be entertained, the exceptions must be sustained.