### PACIFIC AMERICAN FISHERIES v. TERRITORY.

First Division.  Juneau.  February 8, 1924.

No. 2365–A.

**Territories ⬅⟶32—States—Immunity from Suits without Consent.**

The plaintiff brought an action against the territory of Alaska and the territorial treasurer to restrain the territory and the treasurer from enforcing the provisions of an act of the Legislature. *Held*, the plaintiff cannot maintain its suit against the territory, except with its consent; that the treasurer in this case has no authority to enforce the act in question, which is self-enforcing, and no action lies against him.

H. L. Faulkner and R. E. Robertson, both of Juneau, for plaintiff.

John Rustgard, Atty. Gen., of the Territory, for defendants.

REED, District Judge.  This case is before the court on motions to dismiss by the defendants, each of whom appears

specially by the Attorney General of the territory for the purposes of the motions only.

The basis of the motion on the part of the territory is that the action is against the territory, and that the territory has not consented to be sued in respect to the subject of the action, and of W. C. Smith that the complaint shows on its face that it is in fact an action against the territory of Alaska and the territory has not consented to be sued in respect to the subject-matter.

It is virtually conceded that the territory is immune from any action or suit, unless with its consent, express or implied, and it is further conceded that the territory of Alaska has not consented to a suit against it, unless such consent may be implied from the provisions of chapter 25, p. 87, Session Laws of 1921. The only provision in that chapter which would tend in any way to imply consent on the part of the territory is contained in section 3, which designates the Governor of the territory as the agent of the territory on whom service of process may be made in any action or proceeding in which the territory is a proper or necessary party. This provision, however, does not authorize actions to be brought against the territory without its consent; nor can it legitimately be construed to be a consent by the territory that it may be sued in its courts.

As was stated by Mr. Justice Holmes in Kawananakoa v. Polyblank, 205 U. S. 349, 355, 27 S. Ct. 526, 527 (51 L. Ed. 834),

"A sovereign is exempt from suit, not because of any formal conception or obsolete theory, but on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends. * * * As the ground is thus logical and practical, the doctrine is not confined to powers that are sovereign in the full sense of juridical theory, but naturally is extended to those that in actual administration originate and change at their will the law of contract and property, from which persons within the jurisdiction derive their rights. A suit presupposes that the defendants are subject to the law invoked. Of course it cannot be maintained unless they are so. But that is not the case with a territory of the United States, because the territory itself is the fountain from which rights ordinarily flow. It is true that Congress might intervene, just as in the case of a state the Constitution does, and the power that can alter the Constitution might. But the rights that exist are not created by Congress or the Constitution, except to the extent of certain limitations of power."

See Porto Rico v. Rosaly y Castillo, 227 U. S. 270, 33 S. Ct. 352, 57 L. Ed. 507.

The second motion to dismiss, as to W. C. Smith, as treasurer of the territory, involves a consideration of the complaint to determine whether or not the action is in substance against the territory itself. If, after consideration of the complaint, it is determined that the action is in fact against the territory itself, although nominally against W. C. Smith as treasurer, under the authorities the action should be dismissed. On the other hand, if the action is against W. C. Smith in his individual capacity, or as an officer attempting to enforce an invalid law of the territory, a different question would arise, and the action would not be dismissed.

An inspection of the complaint shows that the relief sought is to enjoin the defendant W. C. Smith, as territorial treasurer from enforcing an act of the legislative assembly which is claimed to be invalid. It also seeks to enjoin the territory of Alaska and its several agents and employees from enforcing the law in question. No threatened act of W. C. Smith, as treasurer in his public capacity, or in his individual capacity, impairing the property rights or other rights of the plaintiff, is alleged in the complaint. In fact, under the statute which is alleged to be invalid, the treasurer of the territory *is not authorized* to do or perform any act with reference to the enforcement of the penal or other provisions of the acts for the collection of the taxes thereby levied.

The provisions of the act itself are self-enforcing—in determining the amount of the tax, in making the tax a lien on the property of the plaintiff, and in making failure to pay the tax a misdemeanor. These provisions are the bases of plaintiff's complaint. By the act it is made the duty of the Attorney General to enforce the payment of the tax.

The prayer of the bill is for an injunction as aforesaid, against the territory and against W. C. Smith, as treasurer, and their and each of their servants, employees and agents, to prevent them from enforcing the provisions of the act.

I can reach no other conclusion from the allegations of the bill itself, but that the action is, in substance, against the territory of Alaska, and comes within the rule laid down by the Supreme Court of the United States in Re Ayers, 123 U. S.

457, 8 S. Ct. 164, 31 L. Ed. 216, and I am of the opinion that both motions to dismiss should be granted. It will be so ordered.