DISTRICT OF COLUMBIA, Appellant,

v.

Richard Barry SOLOMON, Appellee.

No. 5470.

District of Columbia Court of Appeals.

Argued Dec. 8, 1970.

Decided March 22, 1971.

Leo N. Gorman, Asst. Corp. Counsel, with whom Richard W. Barton, Asst. Corp. Counsel, was on the brief, for appellant. Hubert B. Pair, former Acting Corp. Counsel, also entered an appearance for appellant.

David A. Clarke, Washington, D. C., with whom Laurence B. Finegold, Washington, D. C., was on the brief, for appellee.

Before FICKLING, GALLAGHER and REILLY, Associate Judges.

FICKLING, Associate Judge:

This is an appeal from the dismissal of an information for the lack of jurisdiction. The information, filed in the trial court, charged appellee with "board[ing] [within the District of Columbia] a motor bus for hire without paying the established fare or presenting a valid transfer for transportation * * *" in violation of Public Utilities Commission Order No. 3345.[1] The trial judge held that jurisdiction to enforce this Order was vested *exclusively* in the United States District Court pursuant to D.C.Code 1967, § 1–1415, which provides that:

> Jurisdiction is hereby conferred * * upon the United States district courts to enforce the provisions of said title II as provided in section 18, article XII, title II, of said compact.

We reverse.

The starting point for an examination of the criminal jurisdiction for the Court of General Sessions is D.C.Code 1967, § 11–963(a). That section provides that:

> Except . as otherwise expressly provided by this section or other law, the

1. The Order provides in pertinent part:
   * * * no person or persons shall board a streetcar or motor bus for hire without paying the established fare or presenting a valid transfer for transportation on the said streetcar or motor bus.

District of Columbia Court of General Sessions has *original* jurisdiction, *concurrently* with the United States District Court for the District of Columbia, of:

(1) *offenses committed in the District for which the punishment is by fine only* * * *. (Emphasis supplied.)

Therefore, when jurisdiction over an offense committed within the District of Columbia and punishable by fine only is conferred on the District Court, jurisdiction is also conferred upon General Sessions unless the statute expressly provides otherwise.

Appellant alleges that P.U.C. Order No. 3345 was adopted by section 21, title II, article XII, of the Washington Metropolitan Area Transit Compact, which was consented to and approved by Congress as reflected in D.C.Code 1967, § 1–1410.

Section 18(d) of title II, article XII, of the compact provides:

Any person knowingly and willfully violating any provision of this statute, or any rule, regulation, requirement, or order thereto * * * shall, upon conviction thereof, be fined not more than $100 for the first offense and not more than $500 for any subsequent offense. Each day of such violation shall constitute a separate offense.

The penalty imposed by section 18(d) is a fine only. Hence, unless Section 1–1415 expressly provides otherwise, which it plainly does not, General Sessions has concurrent jurisdiction with the District Court under Section 11–963(a) to impose penalties in accordance with section 18(d).

Jurisdiction over the instant charge is now vested in the Superior Court by virtue of District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. 91–358, § 111 (§ 11–923(a)), 84 Stat. 473, 486. We pass no opinion on the question of jurisdiction of similar charges filed in the Superior Court after February 1, 1971.

Appellee has also alternatively challenged the authority of both the then Public Utilities Commission[2] and the Washington Metropolitan Area Transit Commission to promulgate or adopt a regulation governing the conduct of passengers of a public transportation service. Since the trial judge believed that he lacked jurisdiction, he made no ruling on the validity of such a regulation. Therefore, we do not feel that it would be appropriate for us to rule on that question now. "[W]hen the court from which a case comes has expressed no views on a controlling question, it may be appropriate to remand the case rather than deal with the merits of that question * * *." Dandridge v. Williams, 397 U.S. 471, 476 n.6, 90 S.Ct. 1153, 1157, 25 L.Ed.2d 491 (1970).

Reversed with instruction to reinstate the information.

2. Now the Public Service Commission.