Roberto QASIM (No. 81–1344), Sallie C. Baker (No. 81–1616), Annie Carter (No. 81–1613), Frances C. Green (No. 82–345), Oleon Jones (No. 81–1476), Willie James Artis (No. 82–301), and Sandra C. Butterfield (No. 82–56), Appellants,

v.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, et al., Appellees.

Nos. 81–1344, 81–1616, 81–1613, 82–345, 81–1476 and 82–301.

District of Columbia Court of Appeals.

Argued En Banc Dec. 6, 1982.

Decided Jan. 26, 1983.

As Amended March 8, 1983.

Albert H. Turkus, Washington, D.C., for appellants. Robert Cadeaux, Washington, D.C., was on the brief for appellant Qasim. John T. Coyne and David P. Durbin, Washington, D.C., entered appearances for appellant Qasim. James C. Beadles, Washington, D.C., was on the brief for appellant Jones. Patrick J. Christmas, Washington, D.C., was on the brief for appellant Carter. Roger C. Johnson, Washington, D.C., was on the brief for appellant Artis. Jack H. Olender and Harlow R. Case, Washington, D.C., on behalf of appellant Green, adopted briefs of appellants Qasim and Carter. Michael A. Pace, Albert H. Turkus and Timothy J. O'Rourke, Washington, D.C., were on the joint reply brief for appellants.

Vincent H. Cohen, Washington, D.C., with whom Robert B. Cave, Washington, D.C., Don F. Ryder, Jr., and Andrew E. Bederman, Rockville, Md., were on the briefs, for appellees.

Before NEWMAN, Chief Judge, and KELLY, KERN, NEBEKER, MACK, FERREN, PRYOR, BELSON and TERRY, Associate Judges.

NEWMAN, Chief Judge:

In this en banc review we consider decisions of the Superior Court dismissing these now consolidated tort claims for lack of subject matter jurisdiction. We conclude that the Superior Court has jurisdiction, concurrent with that of the United States District Court, over actions involving the Washington Metropolitan Area Transit Authority (hereinafter WMATA).

I

Appellants, the plaintiffs below, commenced these actions individually against WMATA in the Superior Court for damages for personal injuries allegedly resulting from the negligence of WMATA. WMATA denied all allegations of negligence and, midway through the litigation in each case, moved the court to dismiss these actions for lack of subject matter jurisdiction. WMATA's motions were based on the Washington Metropolitan Area Transit Authority Compact (hereinafter the Compact), the interstate compact that created WMATA. Section 80 of the Compact provided a limited waiver of immunity from liability for contracts and torts. Section 81 provided that "[t]he United States District Courts shall have original jurisdiction, concurrent with the courts of Maryland and Virginia, of all actions brought by or against the Authority." In each of the cases, the Motion to Dismiss was granted. The appeals of these decisions were consolidated in the spring of 1982. Appellants then filed a petition for an initial en banc hearing which was granted in October 1982.

II

Section 4 of the Compact expressly establishes WMATA as an agency of each sovereign signatory to the Compact. As such, WMATA contends it is clothed with the sovereign immunity granted by

the eleventh amendment to its parent states. *Cf. Lake County Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979). Sovereign immunity shields a sovereign from suit in its own courts unless the sovereign consents to suit. This doctrine is based "on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends." *Kawananakoa v. Polyblank,* 205 U.S. 349, 353, 27 S.Ct. 526, 527, 51 L.Ed. 834 (1907). However, the doctrine does not bestow immunity in another sovereign's courts. Such a claim necessarily implicates the power and authority of a second sovereign. Immunity in the courts of another sovereign "must be found either in an agreement, express or implied, between the two sovereigns, or in the voluntary decision of the second to respect the dignity of the first as a matter of comity." *Nevada v. Hall,* 440 U.S. 410, 416, 99 S.Ct. 1182, 1186, 59 L.Ed.2d 416 (1979). The WMATA Compact contains no agreement, express or implied, granting immunity to a signatory from suits involving WMATA brought in the courts of the other two signatories. Thus Maryland and Virginia do not have sovereign immunity from suits brought in the District of Columbia courts.

■ Section 80 of the Compact waives each signatory's immunity from suit in its own courts for "any proprietary functions, in accordance with the laws of the applicable signatory." Provision of mass transportation under the auspices of three governmental bodies is such a function. Thus, Section 80 vests the courts of Maryland, Virginia and the District of Columbia with jurisdiction to entertain tort claims, such as these here, resulting from the allegedly negligent operation of WMATA vehicles.[1]

### III

■ Jurisdiction of federal district courts over WMATA matters was established in

§ 81. In § 81, the United States District Courts were granted original jurisdiction, which they otherwise would not enjoy, over all actions involving WMATA. This grant of jurisdiction had a different effect on the United States District Courts located in Maryland and Virginia than it did on the federal district court located here. Section 81 operated to give the former jurisdiction over suits against WMATA—suits that otherwise would have been local matters—without regard to diversity of citizenship or to the amount in controversy.

The United States District Court for the District of Columbia had a unique bifurcated role in 1966, the year the Compact was enacted. It was a court of general jurisdiction as well as federal jurisdiction, with the power to hear all local claims that alleged more than $10,000 in damages. *See Palmore v. United States,* 411 U.S. 389, 392 n. 2, 93 S.Ct. 1670, 1673 n. 2, 36 L.Ed.2d 342 (1973). Consequently, § 81 had a different effect on its jurisdiction. The District Court for the District of Columbia did not need an independent grant of jurisdiction to empower it to hear WMATA actions. In its capacity as a court of general jurisdiction for the District of Columbia, it could already hear WMATA actions that met the $10,000 requirement. We conclude that all § 81 did to the United States District Court for the District of Columbia was to eliminate the $10,000 threshold for actions involving WMATA.

### IV

■ The crux of this case is the significance of the failure of § 81 to mention Court of General Sessions, predecessor of the Superior Court, in the delineation of courts with jurisdiction over WMATA actions. Appellees suggest that the failure of § 81 to mention the Court of General Sessions granted exclusive jurisdiction to the District Court for cases arising in the District of Columbia. We reject this conten-

---

1. Section 80 also states that WMATA "shall not be liable for any torts occurring in the performance of a governmental function."

tion and hold that the grant of jurisdiction of § 81 is concurrent and empowers the federal courts, along with the court of general jurisdiction in the District of Columbia, to hear WMATA actions.

Concurrent jurisdictional grants to federal and state courts are common and exclusive federal jurisdiction has been the exception. Concurrent jurisdiction has been affirmed unless expressly excluded or is in special cases incompatible due to their special nature. *Dowd Box Co. v. Courtney,* 368 U.S. 502, 507, 82 S.Ct. 519, 522, 7 L.Ed.2d 483 (1962). Thus we look to appellees to make a persuasive argument that the Superior Court lacks subject matter jurisdiction. There are three ways this could be done: by explicit statutory directive, by unmistakable implication for legislative history, or by a clear incompatibility between state court jurisdiction and federal interests. *Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 478, 101 S.Ct. 2870, 2875, 69 L.Ed.2d 784 (1981). Appellees can make no argument to contravene the grant of concurrent jurisdiction in any of these ways.

There is no explicit statutory directive precluding Superior Court subject matter jurisdiction in this case. D.C.Code § 11–921 (1981) gives the Superior Court plenary jurisdiction over all civil actions brought in the District of Columbia, *Reichman v. Franklin Simon Corp.,* 392 A.2d 9, 12 (D.C. 1978), and no limiting language appears in this jurisdictional grant to preclude jurisdiction over actions involving WMATA. Section 81 does not confine jurisdiction to the federal courts either. Both the Maryland and Virginia state courts can hear cases involving WMATA. And the omission of the Court of General Sessions from a related jurisdictional grant in the Compact has been held not to bar jurisdiction. *See District of Columbia v. Solomon,* 275 A.2d 204, 205 (D.C.1971). Thus neither § 81 nor the D.C.Code, nor judicial interpretation of these statutes, explicitly prevents the local court system from exercising jurisdiction over WMATA.

Similarly, there is no unmistakable implication from the legislative history of the Compact that Congress intended to preclude the District of Columbia's local court system from exercising jurisdiction. To the contrary, the Compact extended the jurisdiction of the court of general jurisdiction in the District of Columbia, which at that time was the United States District Court, to encompass WMATA actions for under $10,000. Furthermore, there is no evidence from the legislative history of the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. No. 91–358, 84 Stat. 473 (1970), that indicates Congress intended to withdraw jurisdiction over WMATA matters from the local courts. Rather, the explicit purpose of that Act was to create one Superior Court with jurisdiction equivalent to that of a state court.

Finally, there is no clear incompatibility between Superior Court jurisdiction and federal interests. Local courts are considered compatible since the state courts of Maryland and Virginia, systems virtually identical to the District's in scope, have jurisdiction. Additionally, if Congress had perceived such an incompatibility between this jurisdiction's handling of WMATA cases and federal interests, it would have acted long ago to prevent the local court from exercising subject matter jurisdiction over these claims. Thus we hold that jurisdiction of the federal court is concurrent with that of the Superior Court.

*Reversed.*

FERREN, Associate Judge, concurring:

I concur in Chief Judge NEWMAN's opinion for the court. I write separately, however, to clarify an ambiguity. The opinion of the court states at the beginning of Part II:

> Section 4 of the Compact expressly establishes WMATA as an agency of each sovereign signatory to the Compact. As such, WMATA contends it is clothed with the sovereign immunity granted by the eleventh amendment to its parent states. *Cf. Lake County Estates, Inc. v. Tahoe*

*Regional Planning Agency,* 440 U.S. 391 [, 99 S.Ct. 1171, 59 L.Ed.2d 401] (1979). I understand this statement to mean that we assume solely for the sake of argument—we do not decide—that WMATA is entitled to sovereign immunity pursuant to the guidelines in *Lake County Estates, Inc., supra.*