Thomas R. BEECH, Plaintiff,

v.

**COMMISSIONER OF THE INTERNAL REVENUE,** Defendant.

No. CIV–00–1274–PHX–MHM.

United States District Court, D. Arizona.

Aug. 30, 2001.

Thomas Richard Beech, Apache Junction, AZ, pro se.

D. Brian Simpson, Charles M. Duffy, U.S. Dept. of Justice, Tax Div., Washington, DC, Cynthia M. Parsons, U.S. Attorney's Office, Phoenix, AZ, for I.R.S. Com'r.

## ORDER

MURGUIA, District Judge.

Pending before the Court is Defendant's motion to dismiss. [Doc. # 6].

## I. BACKGROUND

Plaintiff has commenced the current action alleging that the Internal Revenue Service ("IRS") violated his due process rights in the collection of approximately $30,000 in taxes and interest from the Plaintiff's assets. Plaintiff alleges that the IRS violated his rights by failing to reasonably notify him of the pending collection. Plaintiff has also brought a claim under the Freedom of Information Act (FOIA), alleging that the IRS has refused to provide him with records concerning the seizure of his assets. In their answer, the IRS denies that they violated Plaintiff's due process rights in the collection of back taxes, and assert that they have provided Plaintiff with all of the records he requested that still exist.

On December 12, 2000 the IRS filed its motion to dismiss Plaintiff's complaint. In that motion the IRS asserts that this Court does not have subject matter jurisdiction over Plaintiff's complaint, because the United States has not waived sovereign immunity in regard to tax refund suits and because Plaintiff has not sought relief in the United States Tax Court. Additionally, the IRS asserts that this Court does not have jurisdiction over the Plaintiff's FOIA claim, because the IRS has taken all reasonable steps to comply and

has in fact complied with Plaintiff's request.

Plaintiff counters by asserting that the IRS has misconstrued his complaint, as he is not seeking relief from the taxes levied against him, but is instead seeking damages for the acts of the IRS that he believes violated his due process rights. Additionally, Plaintiff asserts that this Court has jurisdiction over his FOIA claim, because in fact the IRS has not complied with his request and has acted unreasonably in their efforts to do so.

## II. LEGAL STANDARDS AND ANALYSIS

### A. Due Process Claim

■ Where there is no waiver of sovereign immunity, it is appropriate for the Court to dismiss an action for lack of subject matter jurisdiction. *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir.1985).

■ Defendant correctly states that the United States may not be sued unless it consents to being sued by statute. *See, West v. Gibson*, 525 U.S. 1097, 119 S.Ct. 863, 142 L.Ed.2d 716 (1999); *Nevada v. Hall*, 440 U.S. 410, 414, 99 S.Ct. 1182, 59 L.Ed.2d 416 (1979) ("[t]he immunity of a truly independent sovereign from suit in its own courts has been enjoyed as a matter of absolute right for centuries. Only the sovereign's own consent could qualify the absolute character of that immunity."); and *Alden v. Maine*, 527 U.S. 706, 751, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999) (J. Souter, dissenting) ("[a] sovereign is exempt from suit, not because of any formal conception or obsolete theory, but on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends.")( *quoting Kawananakoa v. Polyblank*, 205 U.S. 349, 353, 27 S.Ct. 526, 51 L.Ed. 834 (1907) (citations omitted)).

Plaintiff's claims against the United States must therefore be dismissed if the Defendant has not explicitly consented to be sued under the cause of action brought by Plaintiff.

In its motion to dismiss Defendant argues that it has not consented to suit in this Court. Instead, a taxpayer who wishes to challenge a decision of the IRS must proceed with an administrative hearing in the IRS' Office of Appeals. Thereafter, if the taxpayer's grievance is not resolved he may appeal to United States Tax Court.

■ In his responsive pleading, Plaintiff admits that a taxpayer wishing to contest the assessment or collection of taxes must proceed administratively rather than in district court.[1] However, Plaintiff asserts that he is not challenging the assessment and collection of taxes against him, but is instead alleging that the IRS violated his due process rights by failing to reasonably notify him of the pending seizure of his assets. For support Plaintiff relies on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and its progeny. In order to state a cause of action under *Bivens* a plaintiff must demonstrate that the defendant has violated his constitutional rights which were "clearly established." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Defendants, however, will be immune from suit if their actions were ones that they could "reasonably have believed ... [were] lawful." *Anderson v. Creighton*, 483 U.S. 635, 642, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

■ The Ninth Circuit, however, has never explicitly recognized a *Bivens* cause of action based on due process violations of IRS employees engaging in tax collection

---

1. Plaintiff also admits that he owes the taxes assessed by the Defendant.

work. *Wages v. Internal Revenue Service,* 915 F.2d 1230, 1235 (9th Cir.1990), *cert. denied,* 498 U.S. 1096, 111 S.Ct. 986, 112 L.Ed.2d 1071 (1991) ("we have never recognized a constitutional violation arising from the collection of taxes"); *and Hollett v. Browning,* 711 F.Supp. 1009, 1012–13 (E.D.Cal.1988) (a *Bivens* action for alleged violations of constitutional rights in the collection of federal taxes is not available). In *Hollett,* the court, in dismissing plaintiff's *Bivens* cause of action, stated that "Congress has given taxpayers all sorts of rights against an overzealous officialdom, including, most fundamentally, the right to sue the government for a refund if forced to overpay taxes, and it would make the collection of taxes chaotic if a taxpayer could bypass the remedies provided by Congress simply by bringing a damage action against Treasury employees." *Id.* at 1012–13. Similarly, in *Wages,* the Ninth Circuit said that "the remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, foreclose a damage action under *Bivens* in this situation." *See also, Schweiker v. Chilicky,* 487 U.S. 412, 423, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) ("When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies."); *and Stonecipher v. Bray,* 653 F.2d 398, 403 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982) (the taxpayer's due process rights are adequately protected by the statutory scheme which allows him to contest his tax liability in the Tax Court or in the federal district court or the court of claims).

Accordingly, as Plaintiff may not sustain a *Bivens* cause of action against the Defendant for violations of his substantive due process rights and as Plaintiff admits that were he challenging the assessment of back taxes against him he must proceed in the United States Tax Court, Defendant's motion will be granted as to Plaintiff's first cause of action.

### B. FOIA CLAIM

■ An action to compel the production of documents under the FOIA is mooted, and appropriately dismissed, when the agency in control of the requested documents delivers them to the plaintiff. *Carter v. Veterans Administration,* 780 F.2d 1479, 1481 (9th Cir.1986).

On August 11, 1999, pursuant to the FOIA, Plaintiff requested that the IRS deliver copies of:

1) All documents that form the basis for the assessment of Plaintiff's 1989 tax liability;

2) A copy of the initial 1989 tax liability notice sent to Plaintiff;

3) All documents regarding the amounts paid to the IRS on Plaintiff's behalf in 1989 and 1992; and

4) All records that demonstrate how the IRS applied those amounts received on behalf of Plaintiff to his tax liability.

■ When a plaintiff makes a claim under FOIA "federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters of Comm. for Freedom of the Press,* 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). "[J]udicial authority to devise remedies and enjoin agencies can only be invoked...if the agency has contravened all three components of this obligation." *Id.*

■ When a party attacks the asserted basis of jurisdiction as a question of fact, the Court may consider evidence presented on the jurisdictional issue, and resolve factual disputes where necessary. *Thorn-*

hill Pub. Co. v. General Tel. & Electronics, 594 F.2d 730, 733 (9th Cir.1979).

In the current matter, Defendant asserts that they have delivered all of the requested documents to the Plaintiff. For support, Defendant has provided the affidavit of disclosure specialist Elizabeth Kuffel, who extensively details the Defendant's efforts to comply with the Plaintiff's FOIA request, and states that the records provided to the Plaintiff are fully responsive of his request. *See,* Exhibit I attached to *Defendant's Motion to Dismiss.*

While the Plaintiff states that he disagrees with the Defendant's contention that all records have been provided, the Plaintiff fails to identify what specific documents he claims to have not received. Instead, Plaintiff details the rather slow manner in which the IRS has made its disclosures to Plaintiff, and indicates that he is hopeful that discovery can continue in case there are any other "newly discovered" records that have yet to be disclosed. While the Court is sympathetic to the Plaintiff's complaints as to the pace of the IRS' disclosures, once the requested disclosures have been made Plaintiff's FOIA claim is moot. *Carter,* 780 F.2d, at *Id. See also, Fish v. I.R.S.,* 2001 WL 505307, *3 (D.Cal.2001), *and Baker v. I.R.S.,* 2000 WL 1479156, *3 (D.Cal.2000). Further, Plaintiff's purely speculative claim regarding the possible existence of still outstanding documents can not support a cause of action, particulary in light of the compelling and credible affidavit and exhibits detailing the search and disclosure of the records requested by Plaintiff provided by the Defendant. *SafeCard Svcs., Inc. v. S.E.C.,* 926 F.2d 1197, 1200 (C.A.D.C.1991)( "Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.' ").

Accordingly, the Court finds that Defendant has provided Plaintiff with the records requested in his August, 1999 FOIA request. Plaintiff's claim is thus moot, and should be dismissed for lack of subject matter jurisdiction.

If a complaint is dismissed, a plaintiff is entitled to leave to file an amended complaint "unless it is clear ... that the complaint could not be saved by any amendment." *Griggs v. Pace American Group, Inc.,* 170 F.3d 877, 879 (9th Cir.1999) (quoting *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1296 (9th Cir.1998)). In the case at hand, the Court finds that it is clear that Plaintiff's complaint could not be made viable by amendment. Accordingly, the dismissal of Plaintiff's complaint will be without leave to amend, and judgment will be entered for the Defendant. Therefore,

**IT IS ORDERED** that Defendant's motion to dismiss is granted with prejudice;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly, each party to bear its own costs.