CONNECTICUT STATE EMPLOYEES ASSOCIATION *v.*
DEPARTMENT OF ADMINISTRATIVE
SERVICES ET AL.
(7854)

DUPONT, C. J., FOTI and LAVERY, Js.

Argued October 31, 1989—decision released February 13, 1990

*Robert J. Krzys,* for the appellant (plaintiff).

*Taka Iwashita,* assistant attorney general, with whom, on the brief, was *Clarine Nardi Riddle,* attorney general, and *Charles A. Overend,* assistant attorney general, for the appellees (defendants).

DUPONT, C. J. The sole issue of this appeal is whether an action against the state, as an employer, for the payment of interest on an arbitration award states a cause of action pursuant to General Statutes § 5-276 (b) or is barred by the doctrine of sovereign immunity.

The plaintiff Connecticut State Employees Association and the state entered into arbitration pursuant to General Statutes § 5-276a. The arbitrator issued an award in favor of the plaintiff. Subsequently, the plaintiff brought an action in the trial court, pursuant to § 5-276b (b), against the state claiming that the monies awarded to the plaintiff by the arbitrator were not paid within the statutorily prescribed time. The state moved to dismiss the action on the grounds that the action was barred by the doctrine of sovereign immunity and that the plaintiff had failed to exhaust its administrative remedies. The trial court granted the motion to dismiss on both grounds, and this appeal followed.

The doctrine of sovereign immunity bars suit against the state except where the state, by appropriate legislation, authorizes or consents to suit. To constitute a waiver of sovereign immunity, a statute must clearly indicate an intention to allow a suit against the state " ' "by the use of express terms or by force of a necessary implication." ' " *Baker* v. *Ives,* 162 Conn. 295, 298, 294 A.2d 290 (1972). "In interpreting a statute the court must ascertain and give effect to the intent of the legislature" by looking at the language in which the act is framed. *White* v. *Burns,* 213 Conn. 307, 311, 567 A.2d 1195 (1990).

The legislature has provided for a claims commissioner who is empowered to hear and decide all claims against the state; General Statutes § 4-142;[1] or, alternatively, to authorize suit against the state on any cause of action that could be brought against the state if it were a private person. General Statutes § 4-160. Certain claims, however, are not within the power of the claims commissioner to hear and determine. General Statutes § 4-142. A claim against the state upon which suit is otherwise authorized by law is one such exception to the power of the commissioner to hear and determine. General Statutes § 4-142 (2).

A claim for interest on an alleged late payment of an arbitration award is authorized by § 5-276b (b). Prior to codification, the section was part of a public act entitled "An Act Concerning Payment of Arbitration Settlements to State Employees." Public Acts 1987, No. 87-335. Section 5-276b (b) provides that "[w]henever a monetary settlement is awarded pursuant to a state employee grievance arbitration proceeding, and payment is not made in accordance with the terms of such

---

[1] The claims commissioner is required to make his or her recommendations to the General Assembly for payment of or refusal to pay claims in excess of $7500. The General Assembly then determines what action is to be taken. General Statutes § 4-159.

settlement within thirty days of the date such award was issued, the *party liable* for such payment shall be required to pay interest, at the rate of five per cent per annum, on such overdue payment, calculated from the date the award was issued." (Emphasis added.) The state argues that this provision does not apply to it because the language of the statute does not refer specifically to the state. This argument is disingenuous because the *only* possible parties to whom the statute could be referring are the state and its employees. The only possible meaning of the words "the party liable" is the state or the state's employees. Furthermore, the provision cannot reasonably be read to say that interest is payable *only* if the employee is the liable party.

The state relies on *Struckman* v. *Burns,* 205 Conn. 542, 557–58, 534 A.2d 888 (1987). In that case, the statute at issue provided for recovery of damages for injuries sustained on state highways or sidewalks, and specifically excluded imposition of costs or judgment fees on the state, making no provision for the payment of interest in the event of a late payment. There is no such exclusion in § 5-276b (b), and payment of interest is specifically provided for in the event of late payment of arbitration awards. The fact that § 5-276b (b) provides for the payment of interest at a rate of 5 percent rather than the 10 percent rate set by General Statutes § 37-3a for civil actions and arbitrations is further support for the conclusion that the interest provision of § 5-276b (b) applies to awards against the state.

The state also argues that the interest provision applies only if the employee's payment is late. The legislative history of § 5-276b (b), however, indicates that it was the concern of the legislature with the frequent tardiness of the *state,* not its employees, in paying monies awarded against it in arbitration that led the legislature to include the interest provision.

Section 5-276b (b) is a statutory exception to the power of the claims commissioner to hear and determine claims against the state or to authorize suit against the state. The plaintiff, therefore, did not fail to exhaust its administrative remedies by its failure to seek redress from the commissioner, because its remedy lay with the court, not with the claims commissioner. The statute constitutes a legislative waiver of sovereign immunity with respect to interest due on late payment by the state of monies due under arbitration awards.[2] Thus, the motion to dismiss should not have been granted.

There is error, the judgment of dismissal is set aside and the case is remanded to the trial court for further proceedings.

In this opinion the other judges concurred.

[2] The plaintiffs also argue that the state's failure to pay the interest is a failure for which they have redress because there is no sovereign immunity defense when the state acts in excess of its statutory authority, such as by failing to comply with a statute, namely General Statutes § 5-276b (b). Because we otherwise find error, we need not address this issue.