[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, which was presented to the court by means of a stipulation of facts, the dispute concerns whether a resolved issue filed in an arbitration proceeding pursuant to General Statutes 5-276a constitutes a "monetary settlement" within the meaning of General Statutes 5-276b(a).
The court concludes that a resolved issue does constitute a monetary settlement awarded pursuant to General Statutes5-276b(a). The plaintiff, therefore, is entitled to interest on the amounts owing.
On December 7, 1987, an arbitration award was issued concerning two disputed issues submitted for resolution by the parties, the Connecticut State Employees' Association ("CSEA") and the State of Connecticut. (Stipulation of Facts, p. 1). The parties had resolved all outstanding issues prior to the December 7, 1988 award. Id. Among these resolutions were two compensation agreements, whereby the defendant State would pay a 5% general wage increase to all employees in the plaintiff CSEA's bargaining unit on July 3, 1987, and would further provide a lump sum payment of 2% of the employees' salary to those employees in the bargaining unit who had reached the maximum salary bracket on December 7, 1987. Id.
The plaintiff now seeks to enforce these compensation agreements pursuant to General Statutes 5-276b(a), alleging that the arbitration award issued on December 7, 1988 constituted a "monetary settlement award" which entitles the plaintiff to interest for payments not performed within 60 days after the award's issuance. The parties agree that, if the court determines that the December 7, 1988 award constituted a "monetary settlement award" pursuant to General Statutes5-276b(a), the plaintiff is entitled to interest in the amount of $6,692.23. The defendant contends, however, that resolved issues are not included in an arbitrator's award issued pursuant to General Statutes 5-276a(e)(4), and that the award issued December 7, 1988, therefore, is not a monetary settlement award entitling the plaintiff to interest.
The relevant statutory provisions governing collective bargaining for state employees provide the following:
 Whenever a monetary settlement is awarded pursuant to an interest arbitration proceeding conducted pursuant to section 5-276a, and such award is not rejected by the legislature pursuant to section 5-278, and payment is not made in accordance with the terms of such settlement within sixty days of the date such award was CT Page 1997 issued, the party liable for such payment shall be required to pay interest, at the rate of five per cent per annum, on such overdue payment, calculated from the date the award was issued. (Emphasis added).
General Statutes 5-276b(a) (emphasis added).
 Within twenty days after the last day for filing reply briefs, the arbitrator shall file with the secretary of the state board of mediation and arbitration the award on each unresolved issue as well as the issues resolved by the parties during the arbitration proceedings. . . . In making such award, the arbitrator shall select the more reasonable last best offer proposal on each of the disputed issues based on the factors in subdivision (5) of this subsection. The arbitrator (A) shall give a decision as to each disputed issue considered, (B) shall state with particularity the basis for such decision as to each disputed issue and the manner in which the factors enumerated in subdivision (5) of this subsection were considered in arriving at such decision, (C) shall confine the award to the issues submitted and shall not make observations or declarations of opinion which are not directly essential in reaching a determination. . . .
General Statutes 5-276a(e)(4).
No cases have been cited or found which address whether the term "monetary settlement award" in General Statutes 5-276b(a) includes awards where compensation issues are resolved by the parties before the award is issued. "The legislative history of [General Statutes 55-276b(b)] however, indicates that it was the concern of the legislature with the frequent tardiness of the state. . .in paying monies awarded against it in arbitration that led the legislature to include the interest provision." Connecticut State Employees' Assn. v. Dept. of Admin. Services,20 Conn. App. 676, 679, ___ A.2d ___ (1990). Thus, in determining the meaning of "monetary settlement award" in 5-276b(a), "`the court must ascertain and give effect to the intent of the legislature' by looking at the language in which the act is formed.'" Id., quoting White v. Burns, 213 Conn. 307, 311,567 A.2d 1195 (1990).
A fair reading of the statute mandates that resolved compensation issues be included in "monetary settlement awards" issued pursuant to General Statutes 5-276a. Section 5-276a(e)(4) explicitly states that "the arbitrator shall CT Page 1998 file. . .the award on each unresolved issue as well as the issues resolved by the parties during the arbitration proceedings. . . ." (emphasis added). This language, coupled with the appellate court's determination that the legislature enacted the interest provisions of 5-276b in order to deter tardy compensation payments by the state, evinces an intent to enforce compensation payments that arise out of arbitration proceedings.
Courts are bound to avoid consequences which obtain unreasonable results, and it is implicit that a statutory construction which negates the legislation's purpose is untenable. Maciejewski v. Town of West Hartford, 194 Conn. 139,151-52, 480 A.2d 519 (1984). To construe "monetary settlement awards" as excluding resolved issues would penalize the plaintiff for achieving the precise result which the arbitration procedure is designed to promote: a seasonable resolution of the parties' conflicts. Insofar as an arbitration award serves as the final determination of the parties' dispute, it necessarily encompasses stipulations concerning issues resolved during the arbitration process.
Given the determination of the principal question, two issues remain:
(1) Does the defendant's policy of paying its employees on a two-week holdback system exempt part of the 5% damage assessment from the interest penalty provision of General Statutes5-276b(a)?
(2) What is the total damage amount that the plaintiff is entitled to receive pursuant to the stipulation of facts agreed to by the parties?
The defendant's two-week holdback policy does not exempt part of the 5% damage assessment from the interest penalties of5-276b(a). As the court interprets the stipulation of facts, which is not entirely clear and unambiguous, given that outcome, the plaintiff is entitled to $24,261.08.
Pursuant to the stipulation of facts entered into between the parties, the following facts are undisputed:
(1) The defendant agreed during arbitration to pay employees in the plaintiff's bargaining unit two separate compensation awards. The first award provided for a lump sum payment of 2% of salary for all employees at the maximum step of the salary schedule on December 7, 1987. The second compensation award provided for a 5% general wage increase to all employees in the plaintiff's bargaining unit effective July 3, 1987. Stipulation of Facts, paras. 4-5. CT Page 1999
(2) Concerning the 2% lump sum payment, the plaintiff is entitled to $6,692.23 if it prevails in this lawsuit. Id., para. 5.
(3) Concerning the 5% salary increase, the plaintiff is entitled to $17,568.85 if it prevails in this lawsuit. Id., para. 7. Paragraph 7 of the stipulation does not indicate whether the $17,568.85 figure includes the $6,692.23 figure mentioned in paragraph 5. However, since paragraph 7 refers exclusively to the 5% salary increase, the court concludes that the damage amounts referred to in paragraph 7 do not include the $6,692.23 listed in paragraph 5. The total damage assessment according to this analysis, therefore, would be $6,692.23 + $17,568.85 = $24,261.08.
(4) If the defendant prevails in this lawsuit, no money is owed on the 2% lump sum payment or the 5% wage increase. Stipulation of Facts, para. 8.
(5) If the defendant does not prevail in this lawsuit but the court adopts the defendant's calculation of damages as set forth in paragraph 7 of the stipulation, the plaintiff is entitled to $16,382.95 for its claim on the 5% wage increase. Stipulation of Facts, para. 7. (This assessment makes the total amount owed by the defendant: $16,382.95 + $6,692.23 = $23,075.08. See Stipulation of Facts paras. 5, 7.
The plaintiff contends in its trial memorandum that its assessment of damages concerning the 5% wage increase is correct, and the court should therefore disregard the defendant's calculation of damages as set forth in the stipulation of facts. The defendant contests the plaintiff's assessment of damages and contends in the stipulation that it is entitled to exempt part of the 5% wage increase from the interest penalty provision of General Statutes 5-276b(a). See Stipulation of Facts, para. 7.
The defendant apparently maintains that since it uses a two-week holdback system to pay employees in the plaintiff's bargaining unit, the interest penalty provision of General Statutes 5-276(b)a should run only from the date of the first payroll period after the sixty day time limit has tolled. The plaintiff, however, contends that the interest penalty applies as soon as the sixty day time limit has expired, thereby entitling employees to interest damages for any salary held back by the defendant pursuant to its payroll system. (Because the defendant did not brief this issue, the court can only infer these arguments. Even the plaintiff's brief fails to set forth precisely the threshold facts upon which it bases its legal CT Page 2000 argument.)
A fair reading of the plain meaning of General Statutes5-276(b)a mandates that the interest penalty provision be applied to any salary payments which the defendant's employees were legally entitled to receive after the statutory sixty day deadline has expired. See State of Connecticut Office of Labor Relations v. Connecticut Employees Union Independent (CEUI), Decision No. 2947, pp. 9-10 (September 27, 1991) (attached to Plaintiff's Trial Memorandum). The intent of the legislature in drafting 5-276b(a) was to deter tardy compensation payments by the state. Connecticut State Employees Assn. v. Dept. of Administrative Services, 20 Conn. App. 676, 679, 569 A.2d 152
(1990). Consistent with that intent, the sixty day deadline set forth in 5-276(b)a is mandatory and interest penalties begin to accrue from the date the sixty day deadline has expired, not from the first scheduled payroll date that occurs after the deadline has passed.
For the foregoing reasons, the plaintiff is entitled to $17,568.85 concerning its claim on the 5% wage increase and $6,692.23 on its claim concerning the 2% lump sum payment.
For the foregoing reasons, the plaintiff is entitled to interest totaling $24,261.08.
SCHALLER, JUDGE