[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Connecticut State Employees Association ("CSEA")[1], appeals from a decision of the defendant, State of Connecticut, State Board of Labor Relations ("the Board")[2], dismissing CSEA's prohibited practices complaint against the defendant, State of Connecticut, Division of Criminal Justice ("the Division").[3] CSEA bring this appeal pursuant to the Uniform Administrative Procedure Act ("UAPA"), General Statutes § 4-183.
The facts underlying this appeal are not in dispute. CSEA and the Division were parties to a collective bargaining agreement ("agreement") for the Division's Inspector and Supervisory Inspector employees. (Return of Record ("ROR"), Full Stipulation of the Parties ("Stipulation"), p. 2, ¶¶ 3-4.) The agreement expired on June 30, 1994 and included a provision for reopening negotiations on the issues of wages for the 1993-1994 contract year. (ROR, Stipulation, p. 2, ¶ 4.) Following the rejection of a wage reopener arbitration award by the General Assembly, the CT Page 2191 reopener wage issues were combined with negotiations for a successor to the expiring collective bargaining agreement. (ROR, Stipulation, p 2, ¶ 5.) The parties were unable to reach an agreement and entered into binding interest arbitration pursuant to General Statutes § 5-276a. (ROR, Stipulation, p. 2, ¶ 6.) An interest arbitration award for the Inspectors unit was issued by Arbitrator Tim Bornstein on August 7, 1995. (ROR, Stipulation, p. 2, par; 7.)
In accordance with General Statutes 5-278(b), the Division filed with the clerks of the House of Representatives and the Senate of the Connecticut General Assembly the arbitration awards issued by Arbitrator Bornstein for the Inspectors unit on August 16, 1995. (ROR, Stipulation, p. 3, ¶ 9.) The General Assembly, however, was not in session when the arbitration award was issued or when it was submitted to the clerks of the House of Representatives. (ROR, Stipulation, p. 2, ¶ 10.) The General Assembly did not reconvene until February 7, 1996. (ROR, Stipulation, p. 3, ¶ 12.) On February 26, 1996, the House of Representatives Committee on Appropriations passed a resolution concerning the award. (ROR, Stipulation, p. 3, ¶ 13.) As of midnight on March 8, 1996, the arbitration award became final and binding when the award was not rejected by the General Assembly. (ROR, Stipulation, p. 3, ¶¶ 14-15.) Thereafter, the Division compiled a successor collective bargaining agreement based on the award. (ROR, Stipulation, p. 3, ¶ 16.) On April 12, 1996, payroll checks were issued which included all retroactive payments due to the Inspectors unit under the arbitration award but no interest on such payments. (ROR, Stipulation, p. 3, ¶ 18.)
Thereafter, on May 16, 1996, CSEA filed an amended complaint (SPP-18, 211) with the Board alleging that the Division had violated the Act Concerning Collective Bargaining for State Employees ("SERA") by failing to pay interest on the arbitration award for the Inspectors unit pursuant to General Statutes §5-276b(a).[4] CSEA maintained that General Statutes § 5-276b(a) required the Division to pay interest on any monetary settlement not made within sixty days of the date the award was issued, regardless of when legislative approval occurred. (ROR, Decision and Dismissal of Complaint, pp. 6-7.)
On November 19, 1997, the Board in its final decision dismissed CSEA's complaint finding that the Division did not violate SERA by failing to pay interest on the retroactive wage payments pursuant to the arbitration awards. Specifically, the CT Page 2192 Board determined that the award was issued at a time when the legislature was not in session and therefore could not have considered it within sixty days from its issuance.
"Thus, there was no way for the legislature to approve or reject the award `pursuant to 5-278' until after the sixty period had expired. Under these circumstances, no interest may be imposed because one of the conditions to a finding that a payment is `overdue' (i.e. that the legislature did not reject the award `pursuant to 5-278') could not have occurred until the legislature went into session. The legislature had no opportunity to consider the award within the sixty day period after it was issued and therefore, we cannot find that the award was `not rejected by the legislature pursuant to 5-278'. Since that finding is a condition to a finding that the payment is overdue under 5-276b, the State did not violate the Act by failing to pay interest on the settlement provided by the arbitration award." (ROR, Decision and Dismissal of Complaints, p. 8.)
On December 31, 1997, CSEA filed the present administrative appeal challenging that portion of the Board's final decision dealing with the Division's failure to pay interest on retroactive wage payments. Briefs were timely filed by the parties and oral argument was heard by this court on October 20, 1998. The parties agreed at oral argument that the dispositive claim before this court is the construction and application of General Statutes § 5-276b(a).
"The standard of review of an agency decision is well established. Ordinarily, this court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statutes' purposes . . . An agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny the agency is not entitled to special deference. . . . It is for the courts, and not administrative agencies, to expound and apply governing principles of law. . . ." (Brackets omitted; citations omitted; emphasis omitted; internal quotation marks omitted.)Assn. of Not-For-Profit Providers for the Aging v. Dept. ofCT Page 2193Social Services, 244 Conn. 378, 389 (1998).
In the present case, CSEA maintains that § 5-276b(a), mandates payment of interest whenever a settlement or an award is not paid within sixty days, regardless of when the legislature approves the award. According to CSEA, where legislative review takes place sixty days after the issuance of the award, interest must be paid, so long as the award is not rejected by the legislature.
In opposition, the defendants maintain that the statute requires payment of interest only on "overdue" payments. According to the defendants, the payments were not overdue because the legislature did not have an opportunity to consider the award within sixty days from its issuance because the legislature was not in session until March of 1996.
The relevant statutory provisions that are the subject of CSEA's appeal provides as follows:
 Whenever a monetary settlement is awarded pursuant to an interest arbitration proceeding conducted pursuant to section 5-276a, and such award is not rejected by the legislature pursuant to section 5-278, and payment is not made in accordance with the terms of such settlement within sixty days of the date such award was issued, the party liable for such payment shall be required to pay interest, at the rate of five per cent per annum, on such overdue payment, calculated from the date the award was issued.
(Emphasis added.) General Statutes 5-276b(a).
If the General Assembly is in session, it shall vote to approve or reject such agreement or award within thirty days after the date of filing. If the General Assembly is not in session when such agreement or award is filed, it shall be submitted to the General Assembly within ten days of the first day of the next regular session or special session called for such purpose. The agreement or award shall be deemed approved if the General Assembly fails to vote to approve or reject such agreement or award within thirty days after such filing or submission. The thirty-day period shall not begin or expire unless the General Assembly is in CT Page 2194 regular session. For the purpose of this subsection, any agreement or award filed with the clerks within thirty days before the commencement of a regular session of the General Assembly shall be deemed to be filed on the first day of such session.
General Statutes § 5-278(b).
No cases have been cited, nor have any been found, which address the issue presently before the court. Nonetheless, the history on interest arbitration of state employee collective bargaining disputes is helpful in understanding the statutes at issue. Interest arbitration was first established for state employees by Public Act 1986, No. 86-411, which required the legislature to act on awards submitted to it within 30 days or the awards went into effect. The legislative purpose in enactingPublic Act 86-411 was to alleviate the long waiting period state employees endured until their wage disputes were resolved.
Thereafter, the legislature enacted Public Act 1987, No. 87-335, now codified as § 5-276b(a), requiring interest on awards which were not paid within sixty days of the issuance of the award.
Public Act 1989, No. 89-349 was then enacted adding a provision that the appropriations committee of the legislature could consider awards filed when the General Assembly was not in regular session. This procedure was, however, eliminated by the passage of Public Act 1991, No. 91-3, which provided that legislative review of such awards would only commence when the General Assembly was in session.
The provisions of Public Act 87-335, now codified as § 5-276b, were not changed to reflect the amendments to the legislative process set forth in § 5-278. The Board in its decision has sought in effect to rewrite § 5-276b to reflect the corresponding change in § 5-278. This is neither the function of the Board or the superior court. See State v.Bunkely, 202 Conn. 629, 640 (1987).
According to the rules of statutory construction "a court must construe a statute as written. . . . Courts may not by construction supply omissions . . . or add exceptions merely because it appears that good reasons exist for adding them. . . . The intent of the legislature, as this court has repeatedly CT Page 2195 observed, is to be found not in what the legislature meant to say, but in the meaning of what it did say. . . . It is axiomatic that the court itself cannot rewrite a statute to accomplish a particular result. That is a function of the legislature." LeoFedus Sons Construction Co. v. Zoning Board of Appeals,225 Conn. 432, 441 (1993).
Applying the above principles, this court finds that a plain reading of § 5-276b sets forth three separate requirements that must exist in order for the state to be liable for interest under the provisions of § 5-276b(a). The statute mandates that the Department pay interest on a monetary settlement awarded pursuant to an interest arbitration proceeding, which has not been rejected by the legislature pursuant to § 5-278 and not paid within sixty days of the date that the award was issued. General Statute § 5-276b(a). These requirements are separate and distinct. The plaintiff correctly notes, that there is nothing in the statute which links the requirement that the legislature approve the award with the requirement that interest begins to run sixty days after the award is issued. Rather, the language of the statute is clear and provides that if the award is not rejected by the legislature, interest begins to run on unpaid portions "sixty days of the date such award was issued. . . ." (Emphasis added.) General Statutes § 5-276(a). This language, coupled with the appellate court's determination that the legislature enacted the interest provision of 5-276b in order to deter tardy compensation payments by the state, State Employment Association v. Department ofAdministrative Services, 20 Conn. App. 676, 679 (1990), evidences an intent that interest begins to run sixty days from the date that the award was issued, regardless of when the legislatures approves the award.
The Board was also in error in concluding that there was no way for the legislature to approve or reject the award within sixty days of its issuance because at the time the award was submitted, the legislature was not in session. General Statutes § 5-278(b) contemplates that the legislature may call a special session to consider an interest arbitration award.
The plaintiff's appeal is sustained and the Board's decision is vacated. The Board is directed pursuant to § 4-183(k) to order the Division to pay interest in accordance with this decision. CT Page 2196
Robert F. McWeeny, J.