[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs[1], Local 749, AFSCME, Council 4, AFL-CIO and Local 1437, AFSCME, Council 4, AFL-CIO ("the Unions"), appeal from a decision of the defendant, State Board of Labor Relations ("the Board")[2] dismissing the Unions' prohibited practices complaint against the defendant, State of Connecticut, Department of Criminal Justice ("the Department").[3] The Unions bring this appeal pursuant to the Uniform Administrative Procedure Act CT Page 2135 ("UAPA"), General Statutes § 4-183.
The facts underlying this appeal are not in dispute. The Unions and the Department were parties to collective bargaining agreements ("agreements") for the Department's prosecutors and criminal justice employees. (Return of Record ("ROR"), Full Stipulation of the Parties ("Stipulation"), p. 2, ¶¶ 5-6.) The agreements expired on June 30, 1994 and included provisions for reopening negotiations on the issues of wages for the 1993-1994 contract year. (ROR, Stipulation, p. 2, ¶¶ 5-6.) The parties, by agreement, consolidated the negotiations on the 1993-1994 wage reopeners and the successor collective bargaining agreements. (ROR, Stipulation, p. 2, ¶ 7.) The parties were unable to reach an agreement and entered into binding interest arbitration pursuant to General Statutes § 5-276a. (ROR, Stipulation, p. 2, ¶ 8.) An interest arbitration award for the criminal justice employees unit and the prosecutors unit was issued by Arbitrator Tim Bornstein on July 28, 1995 and July 20, 1995, respectively. (ROR, Stipulation, p. 2, ¶¶ 9-10.)
In accordance with General Statutes 5-278(b), the Department filed with the clerks of the House of Representatives and the Senate of the Connecticut General Assembly the arbitration awards issued by Arbitrator Bornstein for the prosecutors and criminal justice employees bargaining unit on or about July 31, 1995. (ROR, Stipulation, p. 3, ¶ 12.) The General Assembly, however, was not in session when the arbitration awards were issued or when they were submitted to the clerks of the House of Representatives. (ROR, Stipulation, p. 3, ¶ 15.) The General Assembly did not reconvene until February 7, 1996. (ROR, Stipulation, P 3, ¶ 16.) As of midnight on March 6, 1996, the arbitration award became final and binding when the award was not rejected by the Senate. (ROR, Stipulation, p. 3,¶¶ 17-18.) A successor collective bargaining agreement was based on the award. (ROR, Stipulation, p. 3, ¶ 19.) On April 12 and May 10, 1996, payroll checks were issued which included all retroactive payments resulting from the arbitration award but no interest on such payments. (ROR, Stipulation, p. 4, ¶ 21.)
Thereafter, on or about April 22, 1996, the Unions filed a complaint with the Board alleging that the Department violated the Act Concerning Collective Bargaining for State Employees ("SERA") by failing to pay interest on the retroactive awards pursuant to General Statutes § 5-276b(a).[4] The Unions maintained that General Statutes § 5-276b(a) required the CT Page 2136 Department to pay interest "on unpaid portions of the awards starting sixty [days] after the issuance date of each award and ending when the state made the retroactive wage payments." (Local 749 and Local 1437's Brief in Support of Administrative Appeal, p. 2.)
On November 19, 1997, the Board in its final decision dismissed the Unions' complaint finding that the Department did not violate SERA by failing to pay interest on the retroactive wage payments pursuant to the arbitration awards. Specifically, the Board determined that the award was issued at a time when the legislature was not in session and therefore could not have been considered within sixty days from its issuance.
"Thus, there was no way for the legislature to approve or reject the award `pursuant to 5-278' until after the sixty period had expired. Under these circumstances, no interest may be imposed because one of the conditions to a finding that a payment is `overdue' (i.e. that the legislature did not reject the award `pursuant to 5-278') could not have occurred until the legislature went into session. The legislature had no opportunity to consider the award within the sixty day period after it was issued and therefore, we cannot find that the award was `not rejected by the legislature pursuant to 5-278'. Since that finding is a condition to a finding that the payment is overdue under 5-276b, the State did not violate the Act by failing to pay interest on the settlement provided by the arbitration award." (ROR, Decision and Dismissal of Complaints, pp. 7-8.)
On December 23, 1997, the Unions filed the present administrative appeal challenging that portion of the Board's final decision dealing with the Department's failure to pay interest on retroactive wage payments. Briefs were timely filed by the parties and oral argument was heard by this court on October 20, 1998. The parties agreed at oral argument that the dispositive claim before this court is the construction and application of General Statutes § 5-276b(a).[5]
"The standard of review of an agency decision is well established. Ordinarily, this court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statutes' purposes. . . . An agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . Cases that present pure questions of law, however, invoke a broader standard CT Page 2137 of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny the agency is not entitled to special deference. . . . It is for the courts, and not administrative agencies, to expound and apply governing principles of law. . . ." (Brackets omitted; citations omitted; emphasis omitted; internal quotation marks omitted.)Assn. of Not-For-Profit Providers for the Aging v. Dept. ofSocial Services, 244 Conn. 278, 389 (1998).
In the present case, the Union argues that the Board's interpretation of General Statutes § 5-276b(a) constitutes an error of law and an abuse of discretion. Specifically, the Unions contend that the Board, by finding that the Department did not have to pay interest under § 5-276b(a) on portions of the award that were unpaid sixty days after the issuance of the award, amended the statute by adding to the statute a new term. According to the Unions, the provision of § 5-276b(a) is clear in its requirement that interest be paid on any monetary award not made within sixty days of the date the award was issued, regardless of the timing of the legislative session. Therefore, because the Department has not paid back wages as required by the interest arbitration award within sixty days of the award, the Department is liable for interest from the date the award was issued.
In opposition, the defendants maintain that statute requires payment of interest only on "overdue" payments. According to the defendants, the payments were not overdue because the legislature did not have an opportunity to consider the award within sixty days from its issuance because the legislature was not in session until March of 1996.
The relevant statutory provisions that are the subject of the Unions' appeal provides as follows:
Whenever a monetary settlement is awarded pursuant to an interest arbitration proceeding conducted pursuant to section 5-276a, and such award is not rejected by the legislature pursuant to section 5-278, and payment is not made in accordance with the terms of such settlement within sixty days of the date such award was issued, the party liable for such payment shall be required to pay interest, at the rate CT Page 2138 of five per cent per annum, on such overdue payment, calculated from the date the award was issued.
(Emphasis added.) General Statutes 5-276b(a).
 If the General Assembly is in session, it shall vote to approve or reject such agreement or award within thirty days after the date of filing. If the General Assembly is not in session when such agreement or award is filed, it shall be submitted to the General Assembly within ten days of the first day of the next regular session or special session called for such purpose. The agreement or award shall be deemed approved if the General Assembly fails to vote to approve or reject such agreement or award within thirty days after such filing or submission. The thirty-day period shall not begin or expire unless the General Assembly is in regular session. For the purpose of this subsection, any agreement or award filed with the clerks within thirty days before the commencement of a regular session of the General Assembly shall be deemed to be filed on the first day of such session.
General Statutes § 5-278(b).
No cases have been cited, nor have any been found, which address the issue presently before the court. Nonetheless, the history on interest arbitration of state employee collective bargaining disputes is helpful in understanding the statutes at issue. Interest arbitration was first established for state employees by Public Act 1986, No. 86-411, which required the legislature to act on awards submitted to it within 30 days or the awards went into effect. The legislative purpose in enactingPublic Act 86-411 was to alleviate the long waiting period state employees endured until their wage disputes were resolved.
Thereafter, the legislature enacted Public Act 1987, No.87-335, now codified as § 5-276b(a), requiring interest on awards which were not paid within sixty days of the issuance of the award.
Public Act 1989, No. 89-349 was then enacted adding a provision that the appropriations committee of the legislature could consider awards filed when the General Assembly was not in regular session. This procedure was, however, eliminated by the passage of Public Act 1991, No. 91-3, which provided that legislative review of such awards would only commence when the CT Page 2139 General Assembly was in session.
The provisions of Public Act 87-335, now codified as §5-276b, were not changed to reflect the amendments to the legislative process set forth in § 5-278. The Board in its decision has sought in effect to rewrite § 5-276b to reflect the corresponding change in § 5-278. This is neither the function of the Board or the superior court. See State v.Bunkley, 202 Conn. 629, 640 (1987).
According to the rules of statutory construction "a court must construe a statute as written. . . . Courts may not by construction supply omissions . . . or add exceptions merely because it appears that good reasons exist for adding them. . . . The intent of the legislature, as this court has repeatedly observed, is to be found not in what the legislature meant to say, but in the meaning of what it did say. . . . It is axiomatic that the court itself cannot rewrite a statute to accomplish a particular result. That is a function of the legislature." LeoFedus Sons Construction Co. v. Zoning Board of Appeals,225 Conn. 432, 441 (1993).
Applying the above principles, this court finds that a plain reading of § 5-276b sets forth three separate requirements that must exist in order for the state to be liable for interest under the provisions of § 5-276b(a). The statute mandates that the Department pay interest on a monetary settlement awarded pursuant to an interest arbitration proceeding, which has not been rejected by the legislature pursuant to § 5-278 and not paid within sixty days of the date that the award was issued. General Statute § 5-276b(a). These requirements are separate and distinct. The language of the statute is clear and provides that if the award is not rejected by the legislature, interest begins to run on unpaid portions "sixty days of the date such award was issued. . . ." (Emphasis added.) General Statutes §5-276(a). This language, coupled with the appellate court's determination that the legislature enacted the interest provision of 5-276b in order to deter tardy compensation payments by the state, State Employment Association v. Department ofAdministrative Services, 20 Conn. App. 676, 679 (1990), evidences an intent that interest begins to run sixty days from the date that the award was issued, regardless of when the legislatures approves the award.
The Board was also in error in concluding that there was no CT Page 2140 way for the legislature to approve or reject the award within sixty days of its issuance because at the time the award was submitted, the legislature was not in session. General Statutes § 5-278(b) contemplates that the legislature may call a special session to consider an interest arbitration award.
The plaintiffs' appeal is sustained and the Board's decision is vacated. The Board is directed pursuant to § 4-183 (k) to order the Division to pay interest in accordance with this decision.
Robert F. McWenny, J.