[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In a memorandum of decision dated October 15, 1998, the court, Moran,J., suspended the plaintiff from the practice of law for a period of two years for violation of certain Rules of Professional Conduct and further required that the respondent meet certain conditions in order to reapply CT Page 14531 for readmission pursuant to Practice Book § 2-53. That decision was affirmed on appeal by the Appellate Court in a per curiam opinion inStatewide Grievance Committee v. Samuel E. Dixon, 57 Conn. App. 904
(2000). The Connecticut Supreme Court has denied the plaintiff's petition for certification.
The present complaint is an apparent effort to attack this final judgment. The defendant now seeks summary judgment based on its contention that the plaintiff's claim is barred by the doctrines of sovereign immunity, absolute immunity and res judicata. The defendant has filed a memorandum of law in support of these contentions, but the plaintiff has failed to file a memorandum of law in response. Having reviewed the defendant's memorandum of law and having heard argument by both parties, the court agrees that summary judgment must be granted.
"Sovereign immunity rests on the principle . . . "that the subjection of the state and federal governments to private litigation might constitute a serious interference with the performance of their functions and with their control over their respective instrumentalities, funds and property.' J. Block, `Suits against Government Offices and the Sovereign Immunity Doctrine,' 59 Harv. L.Rev. 1060, 1061 (1946). Pamela B. v.Ment, 244 Conn. 296, 328 709 A.2d 1089 (1998). "The source of sovereign power in the state of Connecticut is the constitution, and it is recognized that a sovereign is immune from suit "on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends.' Horton v. Meskill,
supra, at 623, 376 A.2d 359, quoting Kawananakoa v. Polyblank,205 U.S. 349, 353, 27 S.Ct. 526, 527, 51 L.Ed. 834 (1907). This doctrine encompasses suits against the agents of the state government as well as those against the sovereign state itself, for the state can act only through its officers and agents. Antimerella v. Rioux, 229 Conn. 479,487, 642 A.2d 699 (1994); White v. Burns, 213 Conn. 307, 312, 567 A.2d 1195
(1990); Doe v. Heintz, supra, 204 Conn. at 31, 526 A.2d 1318." Herzig v.Horrigan, 34 Conn. App. 816, 818-19, 644 A.2d 360 (1994).
The modern purpose of the sovereign immunity doctrine rests not on arguably ancient and outdated concepts, but rather, on the purpose of preventing serious interference with governmental functions and the imposition of enormous fiscal burdens on the state by subjecting its government to private litigation. Fetterman v. University ofConnecticut, 192 Conn. 539, 552, 473 A.2d 1176 (1984); Horton v.Meskill, supra, 172 Conn. At 624, 376 A.2d 359. The bar of actions against the state is not absolute, however, and has been modified by both statutes and judicial decisions. Antinerella v. Rioux, supra,229 Conn. at 487,642 A.2d 699. For example, unconstitutional or unauthorized acts of the state are not protected by the doctrine of sovereign immunity. CT Page 14532Fetterman v. University of Connecticut, supra, at 552, 473 A.2d 1176;Horton v. Meskill, supra, 172 Conn. at 624, 376 A.2d 359. The state may also consent to be sued in certain cases by appropriate legislation waiving its sovereign immunity. White v. Burns, supra, 213 Conn. at 312,567 A.2d 1195; Connecticut State Employees Assn. v. Dept. ofAdministrative, 20 Conn. App. 676, 678, 569 A.2d 1152, cert. denied,214 Conn. 810, 573 A.2d 320 (1990)." Id. at 819-20.
The judicial branch of government possesses inherent power to regulate attorney conduct and to discipline the members of the bar in order "to safeguard the administration of justice, and . . . to preserve public confidence in the system and to protect the public and the court from unfit practitioners." Massameno v. Statewide Grievance Committee,234 Conn. 539, 554-55, 663 A.2d 317 (1995). "General Statutes § 51-90g
and the parallel rules of practice `authorize the grievance committee toact as an arm of the court in fulfilling this responsibility.' StatewideGrievance Committee v. Rozbicki, 211 Conn. 232, 239, 558 A.2d 986
(1989)." Statewide Grievance Committee v. Shluger, 230 Conn. 668, 674,646 A.2d 781 (1994)." (Emphasis supplied) Massemeno v. StatewideGrievance Committee, 234 Conn. 539, 554-55 663 A.2d 317, 327 (1995).
The Statewide Grievance Committee is thus an agent of the state and is immune from suit for damages. The plaintiff has not alleged that the defendant Committee has acted in excess of its statutory authority or pursuant to an unconstitutional state statute. The state legislature has not waived the immunity of the Committee, and the Committee has not otherwise consented to suit for damages. The doctrine of sovereign immunity therefore affords the defendant Committee absolute protection from the plaintiff's suit, and the defendant Committee is entitled to judgment as a matter of law.
The plaintiff's claim is also barred by the doctrine of absolute quasi-judicial immunity. Many courts, including the Second Circuit Court of Appeals, have held that state court grievance committees and their staffs are entitled to absolute immunity. In Rosenfeld v. Clark,586 F. Sup. 1332 (D. Vt. 1984), aff'd mem., 760 F.2d 253 (2d Cir. 1985), the district court held that the decision-making process of a state bar grievance committee "clearly" entitles its members and staff to immunity from damages. Id. at 1340. (Finding that "absolute immunity from a suit for damages . . . is also available to certain other public officials when such officials are required to make important and potentially controversial decisions which might subject them to frequent and obstructive harassment by litigation.") Courts in other jurisdictions have held that due to "the importance of the disciplinary process to the judiciary, courts have afforded broad immunity to members of bar grievance committees and their staff." Bishop v. State Bar of Texas,
CT Page 14533791 F.2d 435, 438 (5th Cir. 1986). "Bar officials charged with duties of investigating, drawing up, and presenting cases involving attorney discipline enjoy absolute immunity from damage claims for such functions." Clulow v. Oklahoma, 700 F.2d 1291, 1298 (10th Cir. 1983); see also Kissel v. Bresdow, 579 F.2d 425, 430 (D.C. Cir. 980) (absolute immunity to members of attorney discipline committee); Clark v. State ofWashington, 366 F.2d 678, 681 (9th Cir. 1966) ("As an arm of the Washington Supreme Court in connection with disciplinary proceedings, the Bar Association is an "integral part of the judicial process' and is therefore entitled to the same immunity which is afforded to prosecuting attorneys in the state.").
"General Statutes § 51-90g and the parallel rules of practice "authorize the grievance committee to act as an arm of the court in fulfilling this responsibility.' Statewide Grievance v. Rozbicki,211 Conn. 232, 239, 558 A.2d 986 (1989)." Statewide Grievance Committeev. Shluger, 230 Conn. 668, 674, 646 A.2d 781 (1994)." Massemeno v.Statewide Grievance Committee, 234 Conn. 539, 554-55 663 A.2d 317, 327
(1995). The Connecticut Supreme Court has held that bar grievance proceedings are quasi-judicial in nature and that the absolute immunity for the content of statements made during a quasi-judicial proceeding applies to bar grievance proceedings. Field v. Kearns, 43 Conn. App. 265,280 682 A.2d 148 (1996).
The Committee is thus absolutely immune from a suit for damages on this ground as well and is entitled to judgment as a matter of law,
"Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim.' (Internal quotation marks omitted.)DeMilo Co. v. Commissioner of Motor Vehicles, 233 Conn. 281, 292,659 A.2d 162 (1995); New England Rehabilitation Hospital of Hartford,Inc. v. Commission on Hospitals Health Care, 226 Conn. 105, 128,627 A.2d 1257 (1993); see also 1 Restatement (Second), Judgments § 19 (1982). "[C]laim preclusion prevents the pursuit of any claims relating to the cause of action which were actually made or might have been made.' (Internal quotation marks omitted.) Commissioner of EnvironmentalProtection v. Connecticut Building Wrecking Co., supra,227 Conn. at 188,629 A.2d 1116. The judicial doctrine of res judicata "express[es] no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." CarolManagement Corp. v. Board of Tax Review, 228 Conn. 23, 32, 633 A.2d 1368
(1993); State v. Ellis, 197 Conn. 436, 464-65, 497 A.2d 974 (1985), on appeal after remand sub nom. State v. Paradise, 213 Conn. 388, 567 A.2d 1221
(1990). "The doctrine of res judicata [applies] . . . as to the parties and their privies in all other actions in the same or any other judicial CT Page 14534 tribunal of concurrent jurisdiction"; Wade's Dairy, Inc. v. Fairfield,181 Conn. 556, 559, 436 A.2d 24 (1980); and promotes judicial economy by preventing relitigation of issues or claims previously resolved.'Commissioner of Environmental Protection v. Connecticut Building WreckingCo., supra, at 188, 629 A.2d 1116. Furthermore, "the appropriate inquiry with respect to [claim] preclusion is whether the party had an adequate opportunity to litigate the matter in the earlier proceeding . . ." (Emphasis in original; internal quotation marks omitted.) Jackson v.R.G. Whipple, Inc., 225 Conn. 705, 717-18, 627 A.2d 374 (1993); State v.Ellis, supra, at 464-65 n. 22, 497 A.2d 974." Joe's Pizza, Inc. v. AetnaLife and Cas. Co., 236 Conn. 863, 871-72, 675 A.2d 441, 446-47 (1996). Collateral attacks upon judgments are strongly disfavored in Connecticut. Vogel v. Vogel, 178 Conn. 358, 362, 422 A.2d 27 (1979);Jensen v. Nationwide Mutual Ins. Co., 158 Conn. 251, 260, 259 A.2d 598
(1969).
The plaintiff's complaint raises issues challenging the merits of the decision to suspend his license to practice law, all of which issues the plaintiff either did raise or could have raised during the original grievance proceeding before the defendant Committee, during the presentment before the trial court, or on appeal to the Appellate Court.
In addition, the plaintiff's claim that the trial court lacked subject matter jurisdiction to hear the presentment against the plaintiff in 1998 is not enough to convert the plaintiff's claim into a viable cause of action. Although the Connecticut Supreme Court has held that a challenge to a court's subject matter jurisdiction "can be raised at any time . . . and the lack thereof cannot be waived"; LaBow v. LaBow, 171 Conn. 433,440, 370 A.2d 990 (1976), quoting Connecticut Steel Co. v. NationalAmusements, Inc., 166 Conn. 255, 262-63, 348 A.2d 658 (1974); Monroe v.Monroe, 177 Conn. 173, 177, 413 A.2d 819, appeal dismissed, 444 U.S. 801,100 S.Ct. 20, 62 L.Ed.2d 14 (1979); [the Connecticut Supreme Court has] also recognized that "[t]he modern law of civil procedure suggest that even litigation about subject matter jurisdiction should take into account the importance of the principle of the finality of judgments, particularly when the parties have had a full opportunity originally to contest the jurisdiction of the adjudicatory tribunal." Monroe v.Monroe, supra, 178, 413 A.2d 819; Connecticut Pharmaceutical Ass'n, Inc.v. Milano, 191 Conn. 555, 560, 468 A.2d 1230 (1983); Vogel v. Vogel,
supra, 178 Conn. 362-63, 422 A.2d 271; 1 Restatement (Second), Judgments § 12; James Hazard, Civil Procedure (2d Ed. 1977) § 13.16. Under the restatement view, a collateral attack on a judgment in a contested case, such as this one, may raise only limited claims of lack of subject matter jurisdiction. A subsequent challenge to subject matter jurisdiction, when that issue was not actually litigated in the prior action, is authorized only if the litigant can show that "the tribunal's CT Page 14535 excess of authority was plain or has seriously disturbed the distribution of governmental powers or has infringed a fundamental constitutional protection.' 1 Restatement (Second), Judgments § 12, comment d; 2 Restatement (Second), Judgments § 69; Vogel v. Vogel, supra, 362-63,422 A.2d 271. But see Broaca v. Broaca, 181 Conn. 463, 467-69 and 471-74, 435 A.2d 1016 (1980) (Peters, J., dissenting)." Meinket v.Levinson, 193 Conn. 110, 114-15, 474 A.2d 454 (1984). There has been no such showing here.
The plaintiff's complaint, an attempted collateral attack on a final judgment of the trial court, is thus also precluded by res judicata, and the defendant is therefore also entitled to judgment as a matter of law on this ground.
For all these reasons, the Motion for Summary Judgment is granted.
Jonathan E. Silbert, Judge