[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION REGARDING MOTION TO DISMISS CLAIM AGAINST STATE OF CONNECTICUT
Plaintiff Mary Hynes has filed a single count complaint alleging breach of contract against the defendant, Southern Connecticut State University, because as a university student, she requested an independent tester for a particular course and the defendant refused. Although the plaintiff also alleges facts which could be interpreted to sound in sexual harassment and discrimination, all of her arguments insist that her claim is one of breach of contract.
Defendant Southern Connecticut State University has filed a motion to dismiss on the ground that the court lacks subject matter jurisdiction because it has sovereign immunity as a state entity. The defendant CT Page 8334 asserts that the plaintiff has not obtained permission from the claims commissioner to sue for breach of contract and that no other waiver of the state's sovereign immunity exists.
The plaintiff has filed a memorandum in opposition to the defendant's motion to dismiss The plaintiff asserts that because the claims commissioner found the defendant's claim was "otherwise authorized by law" the claim is authorized to be brought before the Superior Court.
"The motion to dismiss shall be used to assert (I) lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31(a)(1). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Internal quotation marks omitted.) FederalDeposit Ins. Corp. v. Crystal, 251 Conn. 748, 763, 741 A.2d 956 (1999). "[W]here . . . as here, the motion [to dismiss] is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; internal quotation marks omitted.) Shay v. Rossi,253 Conn. 134, 140, 749 A.2d 1147 (2000). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Federal Deposit Ins. Corp. v.Peabody. N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321 (1996).
Claims against a state university are, in effect, claims against the state. Barde v. Board of Trustees of Regional Community Colleges,207 Conn. 59, 64, 539 A.2d 1000 (1988). "It is well established law that the state is immune from suit unless it consents to be sued. . . ." (Internal quotation marks omitted.) Bresnan v. Frankel, 224 Conn. 23,25, 615 A.2d 1040 (1992). "The question whether the principles of [sovereign] immunity from suit and liability are waived is a matter for legislative, not judicial, determination. . . . Sovereign immunity may be waived only through a statute. Any statutory waiver of immunity must be narrowly construed. . . . The state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed by the use of express terms or by force of a necessary implication. (Citations omitted; internal quotation marks omitted.)Struckman v. Burns, 205 Conn. 542, 558, 534 A.2d 888 (1987)." (Internal quotation marks omitted.) Cooper v. Delta Chi Housing Corporation,41 Conn. App. 61, 64, 674 A.2d 858 (1996).
"The legislature has established a system for the determination of CT Page 8335 claims against the state. General Statutes §§ 4-141 through 4-165
(b). A significant part of the system is the appointment of a claims commissioner; General Statutes §§ 4-142 and 4-142a; who is vested with sole authority to authorize suit against the state. General Statutes § 4-160 (a). Decisions of the claims commissioner are not subject to judicial review. Circle Lanes of Fairfield, Inc. v. Fay, 195 Conn. 534,539, 489 A.2d 363 (1985). The entire scheme which authorizes claims against the state makes clear that the claims commissioner, and not the court, can waive sovereign immunity. Krozser v. New Haven, 212 Conn. 415,424, 562 A.2d 1080 (1989), cert. denied, 493 U.S. 1036, 110 S.Ct. 757,107 L.Ed.2d 774 (1990)." (Internal quotation marks omitted.) Cooper v.Delta Chi Housing Corporation, supra, 41 Conn. App. 64. "Certain claims, however, are not within the power of the claims commissioner to hear and determine." Connecticut State Employees Assn. v. Dept. of AdministrativeServices, 20 Conn. App. 676, 678, 569 A.2d 1152, cert. denied,214 Conn. 810, 573 A.2d 320 (1990); see also General Statutes § 4-142. "A claim against the state upon which suit is otherwise authorized bylaw is one such exception to the power of the commissioner to hear and determine." (Emphasis added.) Connecticut State Employees Assn. v. Dept.of Administrative Services, supra, 678; see also General Statutes §4-142 (2). "[W]hen the state waives sovereign immunity by statute a party attempting to sue under the legislative exception must come clearly within its provisions, because [s]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed. . . . Where there is any doubt about [the] meaning or intent [of a statute] in derogation of sovereign immunity, it is given the effect which makes the least rather than the most change in sovereign immunity." (Citations omitted; internal quotation marks omitted.) Babes v. Bennett,247 Conn. 256, 262, 721 A.2d 511 (1998).
In this case, the plaintiff does not assert a statutory waiver to sovereign immunity. There is no dispute between the parties that the plaintiff must seek permission from the claims commissioner to sue the defendant in this case. Even the claims commissioner, however, cannot hear this case because General Statutes § 4-142 (2) provides that "[t]here shall be a Claims Commissioner who shall hear and determine all claims against the state except . . . (2) claims upon which suitotherwise is authorized by law including suits to recover similar reliefarising from the same set of facts. . . ." (Emphasis added.) The defendant's affidavit attests to the undisputed fact that the claims commissioner found the plaintiffs claim to be "otherwise authorized by law," and therefore, dismissed the plaintiffs claim. (See defendant's affidavit; see also claims commissioner's order dated November 10, 1998.) The plaintiff argues that by dismissing the claim because it is "otherwise authorized by law," the commissioner waived sovereign CT Page 8336 immunity. In dismissing the action, the claims commissioner did not waive sovereign immunity. Dismissal and waiver are simply not the same. There are other avenues which the plaintiff may pursue but not a breach of contract claim. Because there has been no waiver of sovereign immunity with respect to the breach of contract claim, either by statute or through the claims commissioner, the action must be dismissed.
For the foregoing reasons, the defendant's motion to dismiss is granted.
Clarance J. Jones, Judge.