**Ronald FOURNIER, Plaintiff,**

v.

**Charles E. JOHNSON, Acting Secretary of the Department of Health and Human Services, Defendant.**

**No. CV–08–2309–PHX–ROS.**

United States District Court, D. Arizona.

Dec. 17, 2009.

---

Gill Deford, Center for Medicare Advocacy, Willimantic, CT, Sally Hart, Center for Medicare Advocacy, Tucson, AZ, for Plaintiff.

## ORDER

ROSLYN O. SILVER, District Judge.

Before the Court is Plaintiffs' Motion to Amend the Complaint (Doc. 44). Plaintiffs seek to add another plaintiff, Thomas DiCecco, Jr. For the reasons discussed below, the Motion will be granted.

### Background

On December 18, 2008, Plaintiff Fournier ("Plaintiff") filed a Complaint alleging Defendant violated Department of Health and Human Services ("HHS") policy, the Medicare statute, and the federal constitution by denying Plaintiff medical benefits (Doc. 1 at 10). On April 13, 2009, Plaintiff filed an amended Complaint adding Delores Berg as a Plaintiff (Doc. 30). Plaintiffs now move to file a second amended complaint that adds Thomas DiCecco as an additional plaintiff (Doc. 44).

### Standard

Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave [to amend a pleading] when justice so requires." In determining whether leave to amend is appropriate, the district court considers the presence of four factors: "bad faith, undue delay, prejudice to the opposing party, and or/futility." *Griggs v. Pace American Group, Inc.,* 170 F.3d 877, 880 (9th Cir.1999). The determination is performed with all inferences in favor of granting the motion. *Id.*

### Discussion

According to Plaintiffs, Thomas DiCecco is a Medicare beneficiary who, like Plaintiffs Ronald Fournier and Delores Berg, was improperly denied coverage of extraordinary dental services. Plaintiffs ar-

gue Defendant will suffer no undue prejudice if Mr. DiCecco is allowed to join the action, because his situation is very similar and the legal theories underlying his claims are the same. Plaintiffs also note Defendant has not yet undertaken discovery.

Defendant objects to the motion to amend to add Thomas DiCecco on the ground that it would be futile because the venue requirements of the Social Security Act prohibit Mr. DiCecco's claim from being heard in the District of Arizona. Defendant cites 42 U.S.C. § 405(g), which provides for judicial review of Medicare and other Social Security benefit decisions, and states in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

Defendant argues the venue requirement within this section prohibits Mr. DiCecco, a Pennsylvania resident, from bringing an action for review of the Secretary's final decision on his Medicare claim in this District.

In reply, Plaintiffs argue Defendant's interpretation of the venue requirement of § 405(g) is too literal, and that § 405(g) must be read in conjunction with the general venue provisions for actions against

federal officers set forth in 28 U.S.C. § 1391(e): "A civil action in which a defendant is an officer or employee of the United States or any agency thereof ... may, except as otherwise provided by law, be brought in any judicial district in which ... the plaintiff resides if no real property is involved in the action." Under this section, venue in an action against a federal officer has been held proper for all plaintiffs so long as it is proper for at least one plaintiff. *See, e.g., Ry. Labor Executives' Ass'n v. ICC*, 958 F.2d 252, 256 (9th Cir. 1991) ("[I]n order to avoid a multiplicity of similar suits in different courts, venue need be proper for only one plaintiff under 28 U.S.C. § 1391(e)(4)"). Plaintiff contends § 405(g) of the Social Security Act should be read similarly. Plaintiff cites *Webber, et al. v. Norwalk, et al.*, No. CV–05–04219–PHX–NVW, slip op. at 15 (D. Ariz. Order Feb. 7, 2007), in which the court considered this issue and adopted the interpretation suggested by Plaintiff: "[T]he operative language of 42 U.S.C. § 405(g) should be construed in harmony with that of 28 U.S.C. § 1391(e), such that nonresident Plaintiffs who independently satisfy the irreducible constitutional minimum of standing may join similarly situated resident Plaintiffs in challenging the Secretary's infringement upon their right to local, in-person Medicare coverage appeal hearings."

▮ The Court agrees that the venue provision in 42 U.S.C. § 405(g) should be interpreted in harmony with 28 U.S.C. § 1391(e), such that venue is proper in an action under § 405(g) for all plaintiffs so long as it is proper for at least one plaintiff. Other than the *Weber, et. al v. Norwalk* decision, this Court is unaware of a case that has directly considered this precise issue. In *Caremark Therapeutic Services v. Leavitt*, 405 F.Supp.2d 454 (S.D.N.Y.2005), however, the court consid-

ered whether the meaning of a corporate residence under § 405(g) should be interpreted in light of the meaning given to it under § 1391(e). In reaching the conclusion that it should, the court reasoned, "Since ... Congress had similar broadening intent for both § 405(g) and § 1391(e), and because of the absence of analysis and precedence concerning the residence of a corporation under § 405(g), an examination of § 1391(e), the general venue provision that applies in suits against government officials, may offer a useful analogue in guiding the construction and application of § 405(g)." *Id.* at 460. The court's reasoning in *Leavitt* is consistent with rulings from the Supreme Court and the Ninth Circuit, both of which have similarly interpreted the provisions of a specific venue statute by appealing to the meaning given to similar terms in a general venue statute. In *Pure Oil v. Suarez*, 384 U.S. 202, 204–205, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966), the Court interpreted the meaning of the term "resides" in the Jones Act, 46 U.S.C.App. § 688, by reference to the interpretation given to the same term in the general venue statute, 28 U.S.C. § 1391(c). The Court reasoned, "Although there is no elucidation from statutory history as to the intended effect of § 1391(c) on special venue provisions, the liberalizing purpose underlying its enactment and the generality of its language support the view that it applies to all venue statutes using residence as a criterion, at least in the absence of contrary restrictive indication in any such statute." *Id.* The Ninth Circuit, citing *Pure Oil,* has also interpreted the terms of a specific venue statute in light of a general venue statute. *See Go–Video Inc. v. Akai Electric Co.,* 885 F.2d 1406, 1409 (9th Cir.1989).

▮ The rule that venue is proper for all plaintiffs so long as it is proper for one plaintiff in an action brought under § 1391(e) is a logical one, and it should also apply to actions brought under § 405(g). A more restrictive interpretation would lead to duplicative and unnecessarily costly litigation. Forcing parties with very similar disputes to litigate in multiple courts would waste the resources of plaintiffs, government defendants, and the courts, and serve no clear purpose. As noted by Plaintiffs, several courts have accepted venue in Medicare litigation brought by plaintiffs who reside in more than one judicial district. *See, e.g. Lutwin v. Thompson,* 361 F.3d 146 (2nd Cir.2004); *Mayburg v. Secretary of Health and Human Services,* 740 F.2d 100, 107 (1st Cir. 1984). The Court finds that this district is a proper venue for Mr. DiCecco's claim, and it would not be futile for him to be added as a plaintiff.

Defendant also argues justice does not require the addition of Mr. DiCecco because the Eastern District of Pennsylvania is an available forum for his claim, and his inclusion would complicate the case because he has a different medical disorder than the existing Plaintiffs. Although there is another available forum for his claim, justice and judicial economy will be better served by allowing Mr. DiCecco to join in this action with similarly situated Plaintiffs, rather than be forced to file a needlessly duplicative action. The addition of Mr. DiCecco may make the case more complex, but the issues presented to the Court are quite similar and it is logical for them to be heard in the same forum. Since it will not be futile to add Mr. DiCecco as a Plaintiff in this action, and there has been no showing that it will cause Defendant undue prejudice, the Court will permit Plaintiffs to amend their complaint.

Accordingly,

**IT IS ORDERED** Plaintiffs' Motion to Amend Complaint (Doc. 44) IS **GRANTED.** The Clerk shall enter the lodged

proposed second amended complaint (Doc. 45) onto the docket.