**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEANNIE PALMER,

          Plaintiff-Appellant,

 and

LAWRENCE PALMER,

          Plaintiff,

  v.

HSBC BANK, USA, NA,

          Defendant-Appellee.

No.   23-15226

D.C. No. 3:22-cv-02178-VC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted May 10, 2024[**]
Pasadena, California

Before: WARDLAW, CHRISTEN, and BENNETT, Circuit Judges.

Jeannie Palmer ("Mrs. Palmer") appeals the district court's grant of

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

summary judgment in favor of HSBC Bank, USA, NA ("HSBC") on Mrs. Palmer's claim against HSBC for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b.  Mrs. Palmer also appeals the district court's order denying in part her motion to substitute as the plaintiff for her late husband Lawrence Palmer's ("Mr. Palmer") class action and state law claims.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  The district court correctly determined that Mrs. Palmer has standing to assert the FCRA claim under 15 U.S.C. § 1681b(f)(1).  To determine whether a harm caused by a statutory violation is sufficiently concrete for Article III standing purposes, "courts should assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)).  There is no dispute that Equifax, a credit reporting agency, sent Mr. Palmer's credit information to HSBC at HSBC's request.  Mrs. Palmer alleges that HSBC accessed Mr. Palmer's information for purposes of credit profiling, data modeling, advertising, and data sharing in violation of FCRA § 1681b(f)(1).  Thus, Mrs. Palmer sufficiently alleged a concrete injury because the acquisition of a credit report for a purpose not authorized by the FCRA "is closely related to—if not the same as—a harm that has traditionally been regarded as providing a basis for a

2

lawsuit: intrusion upon seclusion (one form of the tort of the invasion of privacy)." *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 491 (9th Cir. 2019).

2. The district court did not abuse its discretion by denying Mrs. Palmer's Federal Rule of Civil Procedure 56(d) request for further discovery. A party seeking additional discovery under Rule 56(d) must show that "(1) it has set forth in affidavit form *the specific facts* it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought after facts are essential to oppose summary judgment." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (citation omitted). Mrs. Palmer failed to meet this burden because she merely speculated that the sought-after testimony and documents might contradict the evidence already before the district court. *See id.* ("[F]or purposes of a Rule 56(d) request, the evidence sought must be more than 'the object of pure speculation.'") (quoting *California v. Campbell*, 138 F.3d 772, 779–80 (9th Cir. 1998)).

3. The district court properly granted summary judgment to HSBC because the undisputed evidence established that HSBC lawfully accessed Mr. Palmer's information solely in order to make a firm offer of credit. *See Nayab*, 942 F.3d at 488 (The FCRA "allows a third-party to obtain a consumer's credit report . . . 'if the transaction consists of a firm offer of credit'") (quoting 15 U.S.C. § 1681b(a)(3)(A)). Here, HSBC mailed Mr. Palmer a "'prescreened' offer of credit" to apply for HSBC's Gold Mastercard. HSBC informed Mr. Palmer that

3

the offer was "based on information in your credit report indicating that you meet certain criteria. This offer is not guaranteed if you do not meet our criteria." Brian Ahearn, HSBC's corporate witness, testified that HSBC approved credit to 59 percent of applicants who responded to its offer, and would have approved credit to Mr. Palmer as well, provided that he continued to meet the credit-related criteria by which his information was first obtained. The FCRA explicitly allows HSBC to condition "firm offer[s] of credit" upon "verification" that the customer "continues to meet the specific criteria used to select the consumer for the offer." *See* 15 U.S.C. § 1681a(l)(2). Thus, HSBC did not violate the FCRA by approving only 59 percent of those who responded to its offer because only 59 percent of those who responded continued to meet the criteria used to select that potential customer for the offer. Nor is there any evidence that HSBC accessed Mr. Palmer's data for any unlawful purpose.[1] To the contrary, Ahearn testified that HSBC acquired Mr. Palmer's information for "the sole use" of offering him credit.

    4. The district court did not abuse its discretion by determining that Mrs.

---

[1] Mrs. Palmer contends that HSBC's duplicity is evidenced by the facts that (1) HSBC accessed Mr. Palmer's name, address, credit score, email address, phone number, and social security number; (2) HSBC stored Mr. Palmer's information in a "data warehouse;" and (3) HSBC sent out different offers to consumers. However, Mrs. Palmer provides no evidence or authority to show that HSBC accessed any more information than necessary to determine continued eligibility for credit, that warehousing Mr. Palmer's data violated the FCRA, or that making different offers of credit to consumers violates the FCRA. *See Nelson v. Prima Cmty. College*, 83 F.3d 1075, 1081–82 (9th Cir. 1996).

Palmer was an inadequate class representative and striking the class allegations. The district court properly determined that Mr. Palmer's claim for punitive damages abated upon his death. *Castillo v. Bank of America, NA*, 980 F.3d 723, 729 (9th Cir. 2020) (A class representative's claims must be "reasonably co-extensive with those of absent class members"). Moreover, factual questions unique to Mrs. Palmer's case, such as whether HSBC made Mr. Palmer a firm offer of credit, created significant obstacles to her adequacy as class representative. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (A representative's claims are not typical of the class "if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it") (citation and internal quotation marks omitted).

The district court's order was not premature. The district court was not required to wait for a motion for class certification or for additional discovery before addressing Mrs. Palmer's class allegations. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("District courts have broad discretion to control the class certification process, and '[w]hether or not discovery will be permitted . . . lies within the sound discretion of the trial court.'") (alteration and omission in original) (quoting *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975)). Mrs. Palmer did not attempt to add a new representative despite being advised of the court's concerns. And because Mr.

Palmer had already received leave to amend his complaint on two prior occasions, the district court was not required to permit Mrs. Palmer any additional time to add class representatives. *See Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999).

5. Nor did the district court abuse its discretion by denying Mrs. Palmer's motion to substitute as to Mr. Palmer's state law claims. Mrs. Palmer failed to comply with California's requirements for substitution. *See* Cal. Civ. Proc. Code §§ 377.30; 377.32. Although the district court repeatedly identified the deficiencies in her motion, Mrs. Palmer made no effort to remedy the problems. Thus, the district court properly dismissed Mr. Palmer's state law claims. *See Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006) ("[T]he decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law.") (citing Cal. Civ. Proc. Code §§ 377.30, 377.32).

**AFFIRMED.**